### ELIAKIM AMIDON v. JOHN AIKEN.

#### *Practice.    Audita querela.*

If, upon a trial by jury, all the facts alleged in an insufficient declaration are proved, the court may, in their discretion, allow a verdict for the plaintiff, leaving the defendant to move in arrest of judgment, or at once direct a verdict for the defendant.

The judgment of a justice cannot be set aside by audita querela on account of his having refused to continue the cause when the defendant was sick and unable to attend a trial.

AUDITA QUERELA. The complaint alleged that the defendant sued out his writ of attachment against the complainant, returnable before a justice, which was duly served ; that the complainant was taken sick, and was unable to attend the trial before the justice on the return day of said writ; that he appeared by his wife before said justice at the time when said writ was made returnable, and notified the defendant and the justice of the sickness of the complainant, and requested that said trial might be adjourned to a then future time, to enable him to appear and make his defense ; but that the defendant, with fraudulent intent, and designing to impose upon said justice, then and there represented that the complainant was not sick, but was well and in the enjoyment of good health ; whereupon the justice refused to hear affidavits offered as to his sickness, and rendered judgment for the said Aiken. Plea, the general issue ; trial by jury, April Term, 1855,—UNDERWOOD, J., presiding.

It was admitted that the complainant was sick, and unable to attend before the justice at the time of the trial, and that his wife then appeared, and that she notified the defendant and justice of the sickness of the complainant, and offered to make oath to the same ; that the defendant and his counsel insisted before the justice that the complainant was not sick, and that the representations of his sickness were made for the purpose of procuring a continuance. It was further admitted that the complainant's wife offered to pay the costs incurred on the return day of the writ, and the costs of a continuance.

The complainant offered no other evidence, whereupon the court decided that the evidence was not sufficient to maintain this action,

and directed a verdict to be returned for the defendant. Exceptions by the complainant.

, *A. Stoddard* and *J. Roberts* for the complainant.

*H. E. Stoughton* and *L. A. Grant* for the defendant.

The opinion of the court was delivered by

REDFIELD, CH. J.   No question is made, in the present case, but that if the proof is insufficient to sustain an action, the court were justified in directing the jury to find for the defendant, notwithstanding the plaintiff might have proved, substantially, all which he alleged in his declaration.   By the English practice, the plaintiff, in such case, would be entitled to a verdict, and the defendant be left to his motion in arrest of judgment.   But in this state, we have regarded it as resting in the discretion of the court, whether to take a verdict for the party, upon proof of a defective case, or to direct a verdict at once for the defendant; *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114; *Dyer* v. *Tilton,* 23 Vt. 313.

In regard to the decision of the case upon the merits, we see no reason to question its soundness after the decision in *Sutton* v. *Tyrrell*, 10 Vt. 87.   In that case it was held, that when the justice gave judgment against the defendant upon the ground that his agent, not being a sworn attorney, could not appear for him without a written power, it could not be remedied by this mode of procedure, the question being properly within the cognizance of such justice, and his decision being final, unless appealed from.   But in the present case the justice allowed the appearance, and refused to continue the case, upon a false and foolish ground, perhaps.   But as the question was obviously one within his exclusive jurisdiction, his decision is not subject to revision in this mode.   The attempt to show fraud in the party, falls far short of what is required, to set aside a judgment, by bill in equity, or by audita querela.   The representations of the plaintiff in the action that the defendant was feigning sickness to procure a delay, is not any different from arguments we sometimes encounter in all courts upon similar motions. It was rather conjecture or speculation, than a false representation, for the justice could not have supposed he knew anything upon the subject.   And the fact of his adopting and acting upon it, shows,

perhaps, his simplicity and weakness ; but those are defects in judicial administration, which cannot be remedied by audita querela· Certainly, that is a complaint of a character which the courts of law cannot entertain.

Judgment affirmed.