E. F. PALMER, EXECUTOR OF LUTHER HENRY, v. RICHMOND PRESTON.

### Judgment. Discharge in Bankruptcy.

The recovery of a judgment upon a contract induced by a fraud, is a waiver of the fraud, and the judgment is not a debt *created* by fraud, within the meaning of the bankrupt act; and the plea of a discharge in bankruptcy, is a good defence to an action of debt founded upon such judgment.

DEBT on a judgment recovered by the testator in his lifetime, at the September term, 1865, of Chittenden county court, against the defendant and one William Keach—upon whom process was not served in this case, and who did not appear—for the sum of twelve hundred and ninety-two dollars and twelve cents, damages and costs, upon which said judgment execution had issued and been returned unsatisfied, except as to the sum of seven dollars. The defendant pleaded his discharge in bankruptcy. The plaintiff replied that, on the 28th of January, 1865, the defendant and the said Keach fraudulently conspired together to cheat the testator, and afterwards, to wit, on the same day, at Waterbury, in the county of Washington, the defendant, in pursuance of such fraudulent conspiracy, by falsely and fraudulently concealing that he, the said defendant, was insolvent, and that he had no funds in the hands of the said Keach, and by fraudulently concealing the fact that he intended immediately, to wit, on the 30th day of said January, to abscond and leave the state, and by then and there falsely and fraudulently representing that he was in need of money, to wit, twelve hundred dollars, and that, if the testator would assist him to raise it, the same should be paid in five days therefrom, and that said Keach was then owing him a large sum, to wit, twelve hundred dollars, did then and there induce the testator, by means of the fraudulent concealment and the false and fraudulent representations aforesaid, to indorse and deliver to the said defendant a draft to raise money upon in the words and figures following:

"WATERBURY, January 28th, 1865.
*To Wm. Keach, Esq., Burlington, Vt.:*

Five days after date, pay to the order of Luther Henry, twelve hundred dollars, and charge the same to the account of Wm. Keach, Esq. Payable at Farmers and Mechanics' Bank, Burlington. · [Signed] RICHMOND PRESTON;"

that the said defendant was then and there wholly insolvent, and had no funds in the hands of the said Keach, and that he thereafterwards, to wit, on the 30th day of January aforesaid, absconded and left the state, of all which the testator was then and there ignorant, but all which the said defendant then and there well knew; that the said defendant was not then and there in need of money, and did not intend that said draft should be paid at maturity, and had no money in the hands of the said Keach, all which the said defendant well knew; that the testator, believing the representations of the defendant in that behalf to be true, relied on the same; that the said defendant, afterwards, to wit, on the day and year first aforesaid, at said Waterbury, negotiated said draft at the Waterbury National Bank, and got the money thereon, to wit, twelve hundred dollars; that when said draft matured, the same was protested for non-payment, by means whereof the testator became liable to pay, and did pay the same, to wit, twelve hundred dollars; and that the judgment in said declaration mentioned was based upon said sum of twelve hundred dollars so as aforesaid paid by the testator. The defendant rejoined that the plaintiff's said action was an action of debt on a judgment recovered by the consideration of Chittenden county court during the lifetime of the testator, and not after his decease, and that the suit in which said judgment was rendered was an action of assumpsit founded upon said draft, as set forth in the plaintiff's replication, or upon money to pay the same, and was not for any other or different cause of action. To which rejoinder the plaintiff demurred generally.

The court, at the March term, 1871, Washington county, PECK, J., presiding, sustained the demurrer, and adjudged the rejoinder insufficient, and rendered judgment for the plaintiff to recover the amount due upon said judgment; to which the defendant excepted. ·

*Randall & Durant* and *T. J. Deavitt*, for the defendant, cited *Fisher* v. *Brown*, 1 Tyler, 387 ; *Dater* v. *Currier*, Washington Co., not reported ; *In re Whitehouse*, 4 Bank. Reg. 15 ; *In re Patterson*, 1 Bank. Reg. 58 ; *In re Robinson*, 2 Bank. Reg. 108 ; Bump on Bankruptcy, 392 ; 9 Gray, 211 ; 53 Me. 346 ; *People* v. *Smith*, 51 Barb. 360 ; 11 Peters, 91 ; *United States* v. *Leffler*, 12 Curtis's U. S. Rep. 356 ; Broom Leg. Max. (4th ed.) 225.

*Clough & Palmer*, for the plaintiff, cited *Dana et al.* v. *Binney et al.* 7 Vt. 493 ; 1 Bouv. Law Dict. 738 ; 3 Blackf. 151, 157 ; 7 Vt. 501 ; 23 Vt. 568 ; 38 Vt. 375 ; 40 Vt. 112.

The opinion of the court was delivered by

Ross, J.    It is conceded by the pleadings that the judgment which is in suit, was obtained upon the defendant's contract as the drawer of the draft which the plaintiff's testator indorsed at the defendant's request, and afterwards was obliged to pay. It is also conceded by the pleadings that the indorsement by the testator was procured by the fraudulent representations of the defendant, but that this fraud was not the foundation of the judgment now in suit. The question presented is, whether this fraud on the part of the defendant can be set up and become operative to defeat the bar which the defendant's discharge in bankruptcy would otherwise be to the prosecution of this suit. The 33d section of the bankrupt act provides, among other things, that " a debt created by fraud " shall not be discharged by the operation of the bankrupt law. The vital question in the case is, whether the debt sought to be collected in this suit was " created by fraud." If so, the defendant's discharge in bankruptcy is no bar to the enforcement of its payment by the court. If the record of the judgment in suit is examined, it will be found that the debt evidenced by the judgment, was created by the contract which the defendant entered into when he, as drawer, obtained the indorsement of the testator upon the draft, that if the testator should be compelled to pay the draft to the drawee, or his assignee, he, the drawer, would pay it to the testator. There is nothing in the record of the judgment sought to be enforced by

this suit, that furnishes the slightest intimation that the transaction by which the debt was created, was tainted with fraud. The plaintiff's testator has elected to treat it as a debt created by contract, and so far as the judgment in suit is concerned, has waived all fraud. In an unreported decision in this county, *Charles M. Reed* v. *James M. Currier*, special term, 1851, and another case against the same defendant,* it was held by this court that a party, having the right to enforce the collection of a debt, either by action on a contract, or by an action on the case for fraud, who has pursued his remedy by action on the contract to judgment, cannot afterwards pursue it by action on the case for fraud.† This is in accordance with the decisions of courts of other states. It is also well settled that the judgment in suit is, as against the defendant, for the enforcement of a debt created by contract. The defendant would not now be allowed to impeach that judgment by showing that no such contract, as the record of the judgment discloses, existed between the testator and himself, or that the indebtedness evidenced by the judgment was created by fraud and not by contract. The judgment, being conclusive upon the defendant as to the manner in which the indebtedness evidenced by the judgment was created, ought to be equally conclusive upon the plaintiff's testator in the same particular. We think the judgment in suit must be equally conclusive and binding upon both parties to it, in regard to the manner in which the indebtedness was created, unless the judgment itself was procured by the fraud of one of the parties. These views are not in conflict with the decisions of the United States courts in regard to this section of the bankrupt act. *In re Whitehouse*, 4 Bank. Reg. 15, on the petition of the bankrupt to be discharged from arrest on an execution issued by the state court on a judgment, in which the record showed the cause of action to have been deceit, Lowell, J., with the concurrence of SHEPLEY, J., held that the judgment of the state court did not so far merge the cause that the court could not look into the record and see that the cause of action was deceit, and says: "We are of the opinion, however, that

---

* I am indebted to judge REDFIELD for a statement of these cases.

† See *Dyer* v. *Tilton*, 23 Vt. 313, 318; and *Poor* v. *Woodbury et al*, 25 Vt. 234, 241, where that case is cited approvingly,—REPORTER.

the record of the action, whichever way the execution issues, may be looked at, and if it shows a material and traversable allegation of fraud as its *sole foundation*, the debt or demand may fairly be said to be one founded in fraud, and the action to be one founded upon a debt or claim from which the bankrupt's discharge would not release him. I do not intend to express any opinion upon the question whether a judgment in an action of contract, in which an allegation of fraud, if made, would be immaterial, might not be such a merger, or waiver, as is contended for. It might be very difficult to admit evidence to vary or contradict the record in favor of the creditor, when the debtor would be concluded on his side. Nor do I even mean to say that a suit on this judgment might not remove the fraud beyond the view of the court." The judgment of the state court under review, was evidently recovered under the practice prevailing in some of the states, which allows the plaintiff to join several distinct causes of action, arising *ex contractu*, and tortwise, in the same bill of complaint, and permits him to take an execution either against the defendant's body, or against his property, if he prevails on that portion of the complaint sounding in tort. Hence the remark of judge LOWELL, "The record of the action, whichever way the execution issues, may be looked at, and if it shows a material and traversable allegation of fraud as its *sole foundation*, the debt or demand may fairly be said to be one founded in fraud."

*In re Ward E. Robinson*, 2 Bank. Reg. 108, S. C. 6 Blatch. R. 253, on an appeal from the district court to the circuit court by the bankrupt, because the district court refused to discharge him from arrest and bail, and refused to hear evidence to show that the debt was not created by fraud, where the record showed the debt, which had gone into judgment in the court of common pleas, and which was being enforced by the arrest of the bankrupt, originated in fraud, Judge NELSON says: "The court below held that the proceedings and judgment in the common pleas, the record of which was produced before it according to the practice and course of proceedings in that court under the New York law, carried on the face of them that the suit was one to recover a debt created by the fraud of the debtor; and that it would not go behind that record,

to call in question its verity in the bankrupt court. We concur in this view." If the record, where it shows the indebtedness sought to be enforced was created by fraud, is to be held conclusive of that fact upon the defendant in the record, it must be equally conclusive upon the plaintiff in that record. If the fact that the debt was created by fraud is *res adjudicata* as to one of the parties to the judgment, it must be as to the other. Nor is the rule or law different where the record of the judgment shows that the debt sought to be enforced was created by contract. The defendant in the judgment cannot go behind the judgment, to call in question its verity, neither can the plaintiff. The matter is *res adjudicata* as to both parties to the judgment. This being so, the plaintiff, executor in this action, cannot be allowed to plead, or show, that the debt sought to be collected was created by fraud, when the record of the judgment in suit, and which was recovered by the testator in his lifetime against this defendant, shows, that this very indebtedness was created by contract, and, for that reason, discharged by the defendant's discharge in bankruptcy.

Judgment of the county court is reversed, and judgment that the defendant's rejoinder is sufficient.