FRANCIS C. CORMIER, Respondent, *v.* AZOR A. HAWKINS, Appellant.

The rule, that a reasonably clear case must appear to authorize the granting of an order of arrest, applies, and the order should not be granted, where the propriety of granting it depends upon a doubtful and important question of law.

As to whether, where a party, who has availed himself of an undertaking by prosecuting it to judgment, can thereafter maintain an action against a surety thereto for deceit, based upon the alleged falsity of the affidavit of justification, *quære*.

The right to maintain such an action is at least too doubtful to justify a preliminary order of arrest.

(Argued March 20, 1877; decided April 3, 1877.)

APPEAL from an order of the General Term of the City Court of Brooklyn, affirming an order of Special Term, denying a motion to vacate an order of arrest herein.

The order of arrest was granted upon affidavit, showing in substance, among other things, that in an action wherein plaintiff and another were plaintiffs, and one William Batty and others were defendants; which action was, among other things, for an accounting between partners; an order of injunction was issued, and a receiver was appointed, who took possession of certain partnership property; that the

order appointing the receiver, etc., was vacated on motion, upon condition that said Batty should execute an undertaking for $20,000, to be approved by a justice of the court, with two sufficient sureties, who should justify in that amount, conditioned that said Batty should duly account for the property, etc.; and that upon the filing of said undertaking the property taken possession of by the receiver should be delivered to said Batty; that defendant executed the said undertaking as one of the sureties, justifying by affidavit, wherein he swore he was worth the sum of $20,000 over all debts and liabilities, which undertaking in reliance upon the justification thereto, was accepted and approved; that a judgment to a large amount in favor of plaintiffs was obtained in said action, which was not paid, and defendants in said action were insolvent; that thereafter an action was brought upon said undertaking, judgment perfected thereon, and execution issued, which was returned wholly unsatisfied. That defendant's affidavit of justification to said undertaking was false and fraudulent to the knowledge of defendant at the time. The motion to vacate the order of arrest was based upon plaintiff's papers.

*Robert Benedict*, for the appellant. To sustain the order of arrest in this case, the affidavit must show that plaintiff has a good and sufficient cause of action. (Code, § 181.) An action will not lie for damages sustained through credit being given, induced by false representations as to one's own responsibility. (*Fisher* v. *Brown*, 1 Tyler, 387–405; *Dyer* v. *Tilton*, 23 Vt., 313; *Jude* v. *Woodburn*, 27 id., 415; *Gallagher* v. *Brunce*, 6 Cow., 352; *Starr* v. *Bennett*, 5 Hill, 303; *Masters* v. *Stratton*, 7 id., 103, 104.) To sustain an action for a wrong when special damage is alleged, the damage must be shown to proceed wholly and exclusively from the injury complained of, and must be the natural and immediate consequence of the wrongful act. (*Addington* v. *Allen*, 11 Wend., 374, 419; *Burton* v. *Pratt*, 2 id., 385; *White* v. *Merritt*, 7 N. Y., 352; *Taylor* v. *Guest*, 58 id., 262; *Crane*

v. *Petrie*, 6 Hill, 522 ; *Fitz John* v. *MacKinder*, 2 L. T., N. S., 374.)

*Thomas H. Rodman, Jr.*, for the respondent.   This action for deceit could be maintained.   (*Hubbard* v. *Briggs*, 31 N. Y., 529 ; *Weed* v. *Case*, 55 Barb., 534 ; *Chester* v. *Comstock*, 40 N. Y., 576 ; *White* v. *Merritt*, 7 id., 352, 356 ; *Upton* v. *Vail*, 6 J. R., 181 ; *Pasley* v. *Freeman*, 2 Smith's L. Cas., 174 [m. p.] ; *Selden* v. *D. & H. Canal Co.*, 29 N. Y., 638 ; *Galatin* v. *Erwin*, Hopk., 54 ; 2 Add. on Torts (D. & B. ed.), 1006, 1034 ; *Langridge* v. *Levy*, 2 M. & W., 530 ; 4 id., 337 ; *Philmore* v. *Hood*, 5 Bing. (N. C.), 97; *Bagshaw* v. *Seymour*, 18 C. B., 903 ; 46 B. N. S., 873 ; *Bedford* v. *Bagshaw*, 4 H. & N., 537; *Barry* v. *Crosky*, 2 J. & H., 1 ; *Shotwell* v. *Mali*, 38 Barb., 462 ; *Farris* v. *Peck*, 10 Abb. N. S., 55 ; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y., 60.)

*Per Curiam.*   The plaintiff availed himself of the undertaking executed by the defendant as surety by prosecuting it to judgment, and now seeks to maintain an action for deceit based upon the alleged falsity of the affidavit of justification.   The liability upon the undertaking and for the deceit is against the same person, and it is urged that by prosecuting the former he waived his right to recover for the deceit, and that the latter cause of action is merged in the judgment.

The action is novel and unprecedented, unless the case of *Wanzer* v. *De Baum* (1 E. D. Smith, 261), in which WOODRUFF, J., intimates that such an action may be maintained, shall be regarded as a precedent.   *Dyer* v. *Tilton* (23 Vt., 313), is an authority against it, and the doctrine of this case accords with the current of judicial expression.   The Code provides that a party may be held to bail when he fraudulently contracted the debt for which an action is brought, and the defendant might have been held to bail in the action upon the undertaking.   Instead of availing himself of this

remedy, in the manner provided, the plaintiff seeks to accomplish the same result by an independent action.    The question involved is very important, and should not be adjudged upon a special motion.    The facts should be proved at the trial, and the questions presented upon exceptions.    We think that there is too much doubt about the right to maintain the action to justify a preliminary order of arrest.    The general rule is that a reasonably clear case must appear to authorize the order, and we think the rule applies to the question of law as presented in this case.    If the plaintiff shall finally recover, he will, of course, be entitled to a body execution. For the purposes of the motion we are inclined to rule against the right to maintain the action for the reasons before stated, but the decision will not be controlling when the question is presented upon the trial.    The only doubt we have entertained as to the disposition of the motion, is whether the preliminary order should remain, and the appeal be dismissed, or whether the course above indicated should be adopted. The latter being more in accordance with our impression of the legal question, it is evidently more just.    Both parties can litigate the question if they desire to, without the embarrassment of having it prejudged upon a mere motion.

Orders reversed and motion granted without costs.

All concur, except RAPALLO, J., who voted for dismissal of appeal.

Ordered accordingly.