# New York City Court.

*Trial Term—June, 1884.*

## ROOME ET. AL. *against* COLLINS.

Where plaintiffs sue as upon contract and enter judgment in that form it is a bar to an action of deceit in inducing the credit which gave rise to the cause of action.

McADAM, Ch. J.—The plaintiffs herein recovered judgment on the 14th of September, 1883, against the defendant as upon contract for the sale and delivery of certain goods. The judgment proved unproductive, and the plaintiffs brought the present action in form for deceit in inducing the credit given upon the sale. The causes of action are identical, but the form of action different. I decide that the first judgment bars the present action, notwithstanding the change in the form of remedy (Caylus *v.* N. Y. & K. R.R. Co., 76 *N. Y.* 609; Morgan *v.* Skidmore, 3 *Abb. N. C.* 102; Baxter *v.* Drake, 85 *N. Y.* 504). The cause of action was merged by operation of law, and it can never again become the basis of an action between the same parties (*Freeman on Judgments,* § 215; Goodrich *v.* Dunbar, 17 *Barb.* 644; Clark *v.* Rawling, 3 *N. Y.* 216; Shuman *v.* Strauss, 52 *N. Y.* 407; Wyman *v.* Mitchell, 1 *Cow.* 316; Dresser *v.* Brooks, 3 *Barb.* 429; Mallory *v.* Leach, 14 *Abb. Pr.* 449, note; Cormier *v.* Hawkins, 69 *N. Y.* 188).

The plaintiffs claim that they discovered the fraud after the first judgment was recovered, from which they argue that they cannot be said to have waived their right of election. They knew the defendant had made representations and that he did not keep his promises. These circumstances were sufficient to put the plaintiffs upon inquiry as to the truthfulness of the defendant's represen-

tations before instituting legal proceedings. They omitted to make inquiry, and sued on the contract for the debt. They elected to pursue the remedy invoked, and are concluded by it (Rosenheim v. Godwin, *City Ct., MS. opinion filed December* 31, 1883).

For these reasons there must be judgment for the defendant.

No appeal was taken.