## E. L. BASS *v*. H. J. RUBLEE.

January Term, 1904.

Present: ROWELL, C. J., TYLER, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed May 21, 1904.

*Contract under Seal—Modification by Simple Contract—Evidence—Sufficiency—Motion for Verdict—Demurrer to Evidence—Effect—Requisites—Joinder in Demurrer—Practice in Supreme Court—Final Judgment—Remanding.*

In an action on a simple contract which modified, in respect of the time of delivery, a contract under seal for the sale and delivery of lumber, when the plaintiff testifies that it was mutually agreed between him and the defendant that the time of delivery should be extended and their correspondence tends to confirm this; it is error to direct a verdict for the defendant on the ground that there is no evidence of any agreement between the parties to extend the terms of the original contract.

A motion for a verdict is in the nature of a demurrer to the evidence, and, in respect of the view to be taken of the evidence, is governed by the same rules. But the required technicalities of such demurrer do not appertain to a motion for a verdict.

On a motion for a verdict the court is strictly confined to a determination of whether there is evidence from which, if taken to be true, and excluding the effect of all modifying evidence, it can be reasonably inferred that the fact affirmed exists.

On overruling a motion for a verdict, no judgment is rendered against the moving party.

Though it is a long established rule of the Supreme Court to finally dispose of cases brought there on exceptions, it is part of the same rule that, if the decision of that Court places the case in such a state that either party has the right to a trial by jury, the case will be remanded.

When, on a bill of exceptions, the Supreme Court holds that the county court erred in granting defendant's motion for a verdict, and the evidence bearing upon the question involved consists of oral tes-

timony, correspondence between the parties, their actions for six
months, together with inferences to be drawn from circumstances,
the defendant should not be deprived of an opportunity of a jury
trial, and the case will therefore be remanded.

:Such a case should be remanded, even if defendant's motion for a ver-
dict be treated as governed by the law applicable to a demurrer to
the evidence, for the defendant cannot oblige the plaintiff to join
in such demurrer so as to dispense with the verdict of a jury,
unless he distinctly admits on the record every fact which the
plaintiff's evidence tends to prove, and every inference legiti-
mately deducible from such evidence.

SPECIAL ASSUMPSIT on a simple contract in modifica-
tion of a contract under seal for the sale and delivery of lum-
ber. Plea, the general issue with notice. Trial by jury at
the June Term, 1903, Orange County, *Munson*, J., presiding.
At the close of the plaintiff's evidence a verdict was ordered
for the defendant. The plaintiff excepted. The opinion states
the case.

*M. M. Wilson* and *Darling & Darling* for the plaintiff.

The defendant's motion admits all the facts which plain-
tiff's evidence tends to prove, and all inferences that can be
legitimately drawn therefrom. *Walcott* v. *Met. Life Ins. Co.*,
64 Vt. 221; *Varnum* v. *Higgins*, 65 Vt. 416; 6 A. & E. Enc.
Pl. & Pr. 693; *Dickey* v. *Schreider*, 3 S. & R. 413; *Pawling*
v. *U. S.*, 4 Cranch 219. No question could have been made,
even on demurrer, but that assumpsit is the proper action.
*Briggs* v. *R. Co.*, 31 Vt. 211; *Smith* v. *Smith*, 45 Vt. 433;
*Sherwin* v. *R. Co.*, 24 Vt. 347.

If it was error to direct a verdict, this Court should render
final judgment for the plaintiff. *Snow* v. *Carpenter*, 54 Vt.
17. The only reason that could exist for remanding the case
would be to have the facts established. *Peach* v. *Mills*, 13

Vt. 504; *Porter* v. *Smith,* 20 Vt. 344; *Chandler* v. *Spear,* 22· Vt. 388.

But that reason cannot apply in this case, for defendant's· motion for a verdict is equal to a demurrer to the evidence, and is governed by the same rules. *Latremouille* v. *R. Co.,.* 63 Vt. 336; Thompson Trials, § 2267.

When evidence has been demurred to, all facts and inferences which are fairly deducible therefrom are thereby· established; and it only remains for the court to apply the law to those facts, as to a special verdict or agreed statement.. 6 A. & E. Enc. of Pl. 441; *Cocksedge* v. *Fanshaw,* 1 Doug. 118; Tidd's Prac. 866; *Gibson* v. *Hunter,* 2 H. Bl. 209; *Davis* v. *Steiner,* 14 P. St. 275; *Fray* v. *DeCamp,* 15 S. & R. 227; *Ross* v. *Vaughn,* 4 Yeats' 54; *Minear* v. *Halloway,* 56 Ohio St. 148; *Stephens* v. *Hix,* 38 Tex. 656; *Harwood* v. *Blythe,* 32 Tex. 803; 2 Steph. Nisi Prius, 1791.

Because the defendant, at the time he entered into the· contract, knew that the plaintiff had a contract with another person for the sale and delivery of the lumber purchased, the· measure of damage is the profit which would have accrued to the plaintiff if the defendant had performed his contract. *Rahm* v. *Deig,* 121 Ind. 283; *Carpenter* v. *First Nat. Bank,* 119 Ill. 352; *Works* v. *Mitchell,* 114 Mich. 29; *Robinson* v. *Hyer,* 35 Fla. 544; *Messmore* v. *N. Y. Lead & Shot Co.,* 40· N. Y. 422; *Booth* v. *Rolling Mill Co.,* 60 N. Y. 487; *Jordan* v. *Patterson,* 67 Conn. 473; *Cockburn* v. *Atlantic Lumber Co.,* 54 Wis. 619; 1 Suth. Dam. 34, (Vol. 1, 2 ed., §52); Sedgw. Dam. 144 to 169; *Borries* v. *Hutchinson,* 18 C. B. N. S. 44;. *Hadley* v. *Baxendale,* 9 Ex. 341; *Dunlop* v. *Higgins,* 12 Jur. (Pt. 1) 295.

*M. P. Maurice* and *Emmet McFeeters* for the defendant..

The modification claimed was not proved, therefore the proper action in this case is covenant instead of assumpsit. *Sherwin* v. *Rutland & Bur. R. Co.,* 24 Vt. 347; *Barker* v. *Troy & Rut. R. Co.,* 27 Vt. 766; *King* v. *Lamoille R. Co.,* 51 Vt. 369; *McKay* v. *Darling,* 65 Vt. 639; 4 "Cyc." 323.

WATSON, J.   The declaration is special assumpsit in three counts severally declaring on a written contract dated February 13, 1901, sealed and subscribed by the plaintiff and the defendant, whereby the defendant promised and agreed to furnish to the plaintiff in the cars at East Berkshire in the month of June, 1901, certain specified lots of maple lumber to be paid for by the plaintiff as therein stipulated. It is further alleged that subsequently the parties by mutual agreement not under seal extended the time for the delivery of the lumber without setting a time limit therefor, and that in pursuance of the contract so modified as to time, thereafter between the dates in the several counts alleged, the defendant delivered to the plaintiff a portion of the lumber specified in the agreement and received payment therefor. Then follow allegations of the defendant's breach of the contract in neglecting and refusing, though requested, to deliver the balance of the lumber, etc.

At the close of plaintiff's opening evidence, the defendant moved for a verdict on the grounds that (1) there was no evidence of any agreement between the parties to extend the terms of the contract beyond its original stipulation; and (2) there was no evidence of such an extension as is set up in the writ. The motion was granted *pro forma,* to which plaintiff excepted.

The record shows that the plaintiff testified in effect that the defendant could not get the lumber out in June, the time specified in the original contract; that in June they mutually

agreed that, since the lumber could not be ready to ship until in the fall, the time should be extended till fall; and that then they would survey and ship the lumber when it was ready. The subsequent correspondence between the parties, and their actions regarding the lumber tended to show the same thing. Since there was evidence to go to the jury on the question whether the original contract was modified as claimed by the plaintiff, it was error to order a verdict.

If the second ground stated in the motion could be considered as covering a variance, if any there be, between the time for the performance of the modified contract as alleged, and that which the evidence tends to show, we do not so consider it, for it appears from the record that it was not so treated by the defendant in the court below, and it is not so treated in his brief here.

It is urged by the plaintiff that if it was error to direct a verdict, he is entitled to final judgment in his favor in this court. Hereon it is argued that the motion for a verdict was equivalent to a demurrer to the evidence, and is governed by the same rules, referring to *Latremouille* v. *Bennington & Rutland Ry. Co.,* 63 Vt. 336, 22 Atl. 656. There in discussing the defendant's motion for a verdict, made at the close of the evidence, it is said that "such a motion is like a demurrer to the whole evidence, on the ground of its insufficiency to warrant a verdict for the plaintiff if one should be found. The motion could not be entertained, if, as the case stood, there was any evidence tending fairly and reasonably to support the claim of the plaintiff. If the verdict was to be determined by an inference, to be made by the jury from facts, any of which was more or less in dispute, the disputed fact, or facts, were to be determined, and the inference made by the jury. So long as any fact from which such inference

is to be made, is in doubt or dispute, the inference is dependent, partly upon the fact to be determined by the jury. It is not wholly a question of law."

A motion for a verdict is considered in law as in the nature of a demurrer to the evidence, and to the extent in the Latremouille case indicated, that is, to the mode of viewing the evidence, it is governed by the same rules. But the required technicalities of the demurrer and the procedure incident thereto have no place when the court is moved to direct a verdict. The province of the court on such a motion is not to weigh the evidence and ascertain where the preponderance is; but it is limited strictly to determining whether there is, or is not, evidence from which, if believed, it may reasonably be inferred, in legal contemplation, that the fact affirmed exists, excluding the effect of all modifying or countervailing evidence; and on overruling the motion, no judgment is rendered against the moving party. *Bartelott* v. *International Bank,* 119 Ill. 259.

In the case before us, a modification of the original contract is essential to be shown to the maintenance of the action. The evidence bearing on that question consists of oral testimony, correspondence between the parties, and their actions covering a period of six months or more of time, together with inferences to be drawn from the circumstances disclosed by the evidence. A jury trial is most appropriate for the settlement of the facts involved, and the defendant should not be deprived of an opportunity therefor. While it is a long established rule of practice in cases brought into this Court upon exceptions to finally dispose of the case here, it is a part of the same rule that when a jury trial becomes necessary, or if the decision of this Court places the case in such a state that either party has a right to a trial by jury, the cause will be

remanded. *Peach* v. *Mills,* 13 Vt. 501; *Porter* v. *Smith,* 20 Vt. 344.

Nor could the result be different were the defendant's motion treated as a demurrer to the evidence, and determined by the law governing under that practice; for some of the technical requirements were not complied with. The object of such proceedings is not to bring before the Court an investigation of facts in dispute, nor to consider and weigh the force of testimony, and the presumptions and inferences arising from the evidence. The only purpose of such a demurrer is to refer to the court questions of law arising from the facts ascertained. Where the parol evidence is loose and indeterminate, which may be urged with more or less effect to a jury; or if the evidence is of circumstances, and is meant to operate beyond the proof of the existence of those circumstances and to conduce to the proof of the existence of other facts, the defendant cannot demur to the evidence and insist on the jury's being discharged from giving a verdict, and oblige the plaintiff to join in the demurrer, without distinctly admitting upon the record, every fact, and every conclusion, which the plaintiff's evidence conduced to prove. This was not done. When the facts are not thus admitted upon the record, and there has been a voluntary joinder in demurrer leaving the facts unsettled and indeterminate it is deemed a sufficient reason for refusing judgment on the demurrer. Furthermore, there is no joinder of demurrer on the record, without which no final judgment can properly be rendered. With the case standing in this way, it is the settled practice to award a new trial on the ground that the issue between the parties, in effect, has not been tried. 2 Tidd's Pr. (3 Am. ed.) 865-866; *Gibson* v. *Hunter,* 2 H. Black. 187; *Fowle*

v. *The Common Council of Alexandria,* 11 Wheat. 320, 6 L. ed. 484; *Crowe* v. *People,* 92 Ill. 231.

*The pro forma judgment is reversed and cause remanded.*