JOHN PHILLIPS *vs.* GEORGE E. HEBDEN.

JUNE 16, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Deceit.*

Deceit will lie for obtaining credit by making false and fraudulent represen-
tations regarding solvency or pecuniary responsibility if the representations
consist of definite statements of fact as distinguished from mere estimates
or expressions of opinion.

(1) *Deceit. Measure of damages.*

The measure of damages in an action for deceit for obtaining credit by false
representations is the loss actually sustained by the plaintiff by reason of
his reliance upon the alleged false representations of the defendant.

TRESPASS ON THE CASE for deceit. Heard on petition of
defendant for new trial, and granted.

PER CURIAM. It was formerly held in other jurisdictions
that such an action as the present could not be maintained.
*Fisher* v. *Brown*, 1 Tyler, 387; *Dyer* v. *Tilton*, 23 Vt. 313. But
the authority of the latter case is impaired by the later decision
of *Childs* v. *Merrill*, 63 Vt. 463, 473. And it was observed by
Durfee, C. J., in *Lyons* v. *Briggs*, 14 R. I. 223: "It is settled
now that an action for deceit will lie against a person for ob-

taining credit by making false and fraudulent representations in regard to his solvency or pecuniary responsibility, if the representations consist of definite statements of fact as contradistinguished from mere estimates or expressions of opinion." And see *Hunt* v. *Barker,* 22 R. I. 18; *Cain* v. *Dickenson,* 60 N.. H. 371; *Tindle* v. *Birkett,* 171 N. Y. 520, 523.

It is beyond dispute that the parties continued to do business together for nearly three years after the making by the defendant of the alleged false representations as to the ownership of property, by which the plaintiff complains he was deceived, and that for nearly one year of that time the defendant paid monthly to the plaintiff the amount due to that date.

It is sought to sustain this verdict for a balance of account arising during the latter part of their business relations. It is not denied that the wagon and harness and certain of the other property in question had become worn out by use and had been replaced, and that certain other articles had become very greatly impaired in value.

We are of the opinion that the evidence shows that credit was given to the defendant for these sales which are the basis of this action, rather in reliance upon credit established by the prompt payment of his account monthly by the defendant for nearly a year than in reliance upon any representations which he may have made originally as to the ownership of the articles in question.

The defendant was a retail dealer in milk, and the property alleged to have been originally owned by him, excepting the "milk route," so-called, was estimated to be of a value not exceeding $425, while the transactions between the parties aggregated more than $5,000 in amount and the balance claimed to be due amounted to nearly $1,000. Moreover, the evidence preponderates against the making of any false representations originally.

(2) The defendant takes nothing by his exception to the refusal to charge the jury that "the measure of damages at the most must be what the plaintiff could have gotten out of that property if it had belonged to the defendant, instead of to his wife." The measure of the defendant's liability, in a case of this kind,

is the loss, if any, actually sustained by the plaintiff by reason of his reliance upon the alleged false representations of the defendant.

The petition for a new trial is granted, and the case will be remanded to the Superior Court with direction to grant a new trial.

*Eugene Wambaugh, Willis B. Richardson,* and *Frank H. Hammill,* for plaintiff.

*Burbank and Brown,* for defendant.