STATE *v.* P. W. PERKINS.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON AND TAYLOR, JJ.

Opinion filed October 14, 1914.

*Criminal Law—Pleading over After Exception to Overruling Demurrer—Effect—Indictment or Information for Statutory Officers—Words of Statute—Sufficiency—Motion for Directed Verdict—Function—Discretion of Court.*

A respondent's exception to the overruling of his demurrer to the complaint is available notwithstanding his pleading over.

An indictment or information charging a statutory offence in the very words of the statute is bad, unless it thereby fully, directly and expressly avers every fact necessary to constitute the commission of the offence.

Since P. S. 5012, as amended by No. 170, Acts 1910, provides that a person "that buys or sells in any year more than twenty evergreen trees less than seven inches in diameter at the butt as cut, not grown on his own land, shall be deemed a dealer in evergreen trees," and P. S. 5013 provides that a person before becoming a dealer in evergreen trees shall procure a designated license therefor, and §5, No. 170, Acts 1910, penalizes a person that becomes such dealer without first procuring such license, and provides that "each transaction of purchase or sale shall constitute a distinct offence," a complaint that charges merely that respondent at a designated time and place did become a dealer in evergreen trees, without first procuring a license therefor, is bad on demurrer,

because it fails to allege the facts necessary to bring respondent within the definition of a dealer in evergreen trees, and fails to inform him of the nature of the alleged transaction, whether a purchase or sale, and with whom, and so fails to "apprise him of the cause and nature of his accusation."

On review, a demurrant will not, without leave, be heard on any cause of demurrer not shown by the record to have been specified on the hearing below.

Exceptions not briefed by the exceptor are waived.

A defendant's, or a respondent's, motion for a directed verdict is in the nature of a demurrer to the evidence, presents only the question of the sufficiency of the evidence to support the allegations, and cannot challenge the sufficiency of the declaration or the information, nor the constitutionality of the statute on which it is based.

On a defendant's or a respondent's motion for a directed verdict, where it appears that the declaration, or information, is so fatally defective that a motion in arrest of judgment must prevail, the court may, as a matter of discretion, grant the motion and end the case at that stage.

INFORMATION for becoming a dealer in evergreen trees without first procuring a license therefor. Heard first on respondent's demurrer to the information, at the March Term, 1913, Washington County, *Fish*, J., presiding. Demurrer overruled and information adjudged sufficient, to which the respondent excepted. Thereupon he pleaded, not guilty. Trial by jury. At the close of all the evidence, the respondent moved for a directed verdict. Motion overruled, to which he excepted. Verdict, guilty; and judgment thereon, subject to the respondent's exception. The opinion fully states the case.

*Richard A. Hoar* for the respondent.

*J. Ward Carver*, State's Attorney, for the State.

The information charges the offence in the very words of the statute, which is all that is required. *State* v. *Jones*, 33 Vt. 443; *State* v. *Cook*, 38 Vt. 437; *State* v. *Daley*, 41 Vt. 564; *State* v. *Plant*, 67 Vt. 454; *State* v. *Bannister*, 79 Vt. 524.

TAYLOR, J.   The respondent was informed against under P. S. Chap. 217 as amended by No. 170 Acts of 1910 for becoming a dealer in evergreen trees without first procuring a license therefor.   There was trial by jury at the March Term, 1913, of Washington County Court and a verdict of guilty and judgment thereon with exceptions reserved by the respondent.

The information is in six counts and charges distinct offences, four in Waterbury in Washington County and two in Duxbury in said County, all alleged as having been committed in November, 1912.   The statute on which this prosecution is based was repealed by No. 185, Acts of 1912, approved Feb. 21, 1913, and taking effect from its passage; but the repealing act excepted offences committed prior to Feb. 21, 1913, and "causes, proceedings or penalties based thereon."

Before trial the respondent filed both a general and a special demurrer to the information.   There was a hearing on the demurrers, which were overruled and an exception allowed the respondent.   Thereupon a jury was empanelled and the trial proceeded.

The respondent's exception to the action of the court in overruling his demurrer is available notwithstanding his pleading over.   This being a criminal case he has not thereby waived his right to insist upon his demurrer.   *State* v. *Bosworth,* 74 Vt. 315, 52 Atl. 423.   The case does not show how it happened that two demurrers were filed.   No specification of the grounds of demurrers relied upon was filed with the general demurrer as required by the rules of the county court (rule 10, sec. 3); and the so-called special demurrer presents no ground that would not have been reached by general demurrer with specifications under the rule.   The hearing below was on the grounds assigned in the special demurrer.   It is probable that the so-called special demurrer was intended as a specification of the grounds of demurrer required by the rule and will be so treated.

The several counts of the information are identical except as to time and place.   In each it is alleged that the respondent on a day named at a place named did become a dealer in evergreen trees without first procuring a license therefor.   Six grounds of demurrer are assigned but all come to the same question, viz.: whether it is necessary to set forth the facts constituting this offence further than to charge that the respondent became a dealer in evergreen trees without license.

P. S. 5012, as amended, provided: "A person, firm or corporation that buys or sells in any year more than twenty evergreen trees less than seven inches in diameter at the butt as cut, not grown upon his own land, shall be deemed a dealer in evergreen trees." P. S. 5013 provided: "A person, firm or corporation shall, before becoming a dealer in evergreen trees procure a license therefor as provided in this chapter." In other sections the statute provided how the license shall be secured and the fees therefor. Sec. 5 of No. 170, Acts of 1910, provided: "A person, firm or corporation that becomes a dealer in evergreen trees without procuring a license therefor as provided in this act * * * shall be fined not more than three hundred dollars, and each transaction of purchase or sale shall constitute a distinct offence."

Thus it is seen that one section of the statute provided who should be deemed a dealer in evergreen trees and another section penalized the becoming such dealer without license. The State contends that the offence being statutory it is sufficient to charge the offence in the language of the section of the statute providing the penalty. While it is true that an indictment or information for a statutory offence is sufficient if it follows the language thereof when every fact necessary to constitute the offence is charged or necessarily implied by following such language (*State* v. *Bannister,* 79 Vt. 524, 65 Atl. 586), the converse is equally true that it is not sufficient to pursue even the very words of the statute unless by so doing you fully, directly and expressly allege the fact or facts in the doing or not doing whereof the offence consists. *State* v. *Higgins,* 53 Vt. 191; *State* v. *Fiske,* 66 Vt. 434, 29 Atl. 633.

This information omits to allege the facts necessary to bring the respondent within the scope of the definition of a dealer in evergreen trees. He is left to refer to the statute to ascertain what constitutes such a dealer; and, even if he were to refer to the statute for the definition, there is still nothing in the information to apprise him of the transaction complained of—neither with whom nor whether a purchase or sale. This clearly does not "apprise him of the cause and nature of his accusation" in a way that he has a right under the constitution to demand. The information wholly fails to satisfy the requirements of the law in that none of the facts necessary to constitute the offence

except want of license are charged, and the respondent's demurrer should have been sustained.

Respondent's counsel discuss in their brief on this exception the constitutionality of the statute, but the question is not before us. It was not urged as a ground of demurrer below and he was not granted leave to raise the question here. Supreme Court Rule 13 provides that when the demurrant is the excepting party he will not, without leave, be heard upon any cause of demurrer not shown by the bill of exceptions to have been specially pointed out on the hearing below. In this case leave was not asked. The rules of this and the county court relating to hearings on demurrer are designed, among other things, to confine the inquiry here to a review of the question decided in the court below.

Other exceptions were taken at the trial, but they need not be discussed. Some of these are not briefed, and so are not for consideration; others are too plainly without merit to require notice; and still others are not likely to arise on a new trial. The exception to the refusal of the court to direct a verdict for the respondent "because the law is wholly unconstitutional" should be noticed. Such an exception is not available to raise the question. A motion for a directed verdict is in the nature of a demurrer to the evidence (*Bass* v. *Rublee,* 76 Vt. 395, 57 Atl. 965) and brings before the Court the question of the sufficiency of the evidence to support the allegations of the information. An exception to the refusal of the court to direct a verdict is not the appropriate course to raise, on review, the sufficiency of the information or the validity of the law on which it is based. *State* v. *Rosenberg,* 88 Vt. 223, 92 Atl. 145; *State* v. *Louanis,* 79 Vt. 463, 65 Atl. 532, 9 Ann. Cas. 194; *Brattleboro* v. *Wait,* 46 Vt. 689. The trial court may, as a matter of discretion, where the declaration or information is fatally defective so that a motion in arrest of judgment would have to be sustained, end the case by directing a verdict for the defendant or respondent. *Wright* v. *Bourdon,* 50 Vt. 494; *Batchelder* v. *Kinney,* 44 Vt. 150; *Amidon* v. *Aiken,* 28 Vt. 440; *Dyer* v. *Tilton,* 23 Vt. 313. But it being in the discretion of the court in such case whether to allow a verdict to be taken, leaving the question to be raised on a motion in arrest, or to direct a verdict on that ground to save further expense, an exception to the court's refusal to sus-

tain the motion does not lie. *Baxter* v. *Winooski Turnpike Co.,* 22 Vt. 114, 52 Am. Dec. 84.

*Judgment and sentence reversed and cause remanded.*