Hoffman J.
According to my understanding of the charge, the Judge did not submit to the jury any thing relating to the legal effect of the contract. He merely charged them, that if there was a mutual mistake between the parties, as to the terms, upon which the note of Penny & Sons was to be received, then that the agreement was not binding as to the note, and that the' plaintiff might recover upon the original cause of action. Taking the whole charge together, and it is evident that nothing but facts were put to the jury, and their finding appears to be consistent with the evidence.
A contract resting in parol cannot be binding upon the parties^ if they do not understand the terms of it alike, for in such case there is evidently no agreement. If the terms, however, are once fixed, neither party can recede, upon the ground, that he mistook the effect of the terms. Here it seems, that the plaintiff’s agent supposed, that the goods were to be sold for an endorsed note,—. the defendants, that they were to give the note of a third person, either without endorsement, or endorsed without recourse to them. The facts are not agreed upon between the parties, and as their understanding relative to the notes was different, there was no contract, which could bind either of them.
The defendants were aware of this discrepancy before the goods were disposed of; and if they were not content to take the hazard of this doubtful state of things, they might have rescinded the contract without prejudice to themselves or the plaintiff. They did not take this course, which common prudence pointed out, but *183 chose to rest sternly on their legal rights according to facts, which they expected to prove. If there be default any where, the defendants are most obnoxious to that charge and by appropriating the goods to their own use they are clearly hable in my judgment for their value.
The objection to the evidence of Brown is not well founded and perhaps it originated in a misconception. There was no appropriation of any specific fund to the use of the witness, nor had he any special claim upon the proceeds of the goods sold. Brown was the mere agent or factor of the plaintiff, and although as such he would have a general lien upon goods or the proceeds of goods in his hands belonging to the plaintiff, as a security for his advances, yet an interest of this kind never disqualifies a witness. Upon principles of policy, of convenience and necessity the agent is admitted as a witness for his principal, and there is nothing in this case to make an exception to the general rule. The witness had no specific interest in the subject matter of the controversy and he could not gain or lose by the event.
Upon the whole, I look upon the charge of the Chief Justice as substantially correct in all its parts and he was also correct in permitting Brown to testify.
Oakley J.
I. The objection to the competency of the plaintiff’s witness, Brown, was not well taken. He was the factor of the plaintiff and as such, had a general lein, for a balance due him, on the property of the plaintiff in his hands, but no specific claim for the payment of that balance on the proceeds of the goods sold to the defendants. It has never been held, that a factor, or commission merchant, is an incompetent witness, on tho ground of interest, because he has a general lein on the proceeds of the sale of the goods of his principal. It is not such an interest in the event of the suit, as ought to disqualify him. In the case of Payton v. Mallet, (1 Caines' R. 364.) the witness, objected to, had an order from the plaintiff or his agent to be paid out of the particular fund in controversy, and declared, that he expected to be paid out of that fund. The Court considered that such order amounted to an assignment of the fund pro tanto, to the witness. That case, therefore, differs from the present.
*184 2. It is objected, in the second place, that the Judge erred in charging the jury, that if they found, that the parties laboured, under a mutual mistake, in the formation of the contract, they ought to find a verdict for the plaintiff.
The distinction between a mistake of a party to a contract, as to matter of fact, and a misapprehension as to matter of law, is well settled. The latter can never be alleged, to rescind a contract; the former may be. Taking the charge of the Judge, in connection with the special finding of the jury, which is stated in the case, to have been by the consent of the parties, I consider the direction given to the jury to have been, that they were to demine, whether the parties to this contract, misunderstood each other, as to its terms. In that light the direction was clearly correct.
If there was a mutual misunderstanding, at the time of the sale, as to tbe fact whether the note of Penny Sons, was to be endorsed absolutely, or upon condition that the endorser was not to be liable on the endorsment, there clearly was no agreement between the parties. The defendants were bound to prove affirmatively, that the agent of the plaintiff agreed to accept the note, in payment without the security of the endorsers, and failing to do that they are bound to pay for the goods, as they did not return them to the seller, on the discovery of the misapprehension of the bargain.

Motion for a new trial denied.

[Hallett & Walker Atty’s for plff. D. Lord Atty for defts.]