## EDWARDS *v.* STATE.

CHANGE OF VENUE. An application in due form for a change of venue in a capital case, made before the jury are sworn, and setting forth that the minds of the inhabitants of the district are so prejudiced against the defendant that a fair and impartial trial can not be had, the defendant becomes entitled to the change of venue as a matter of right.

INDICTMENT. An indictment for murder, alleging that the prisoner "purposely, and of deliberate and premeditated malice," gave the blow, &c., is defective.

The words *premeditated* and *aforethought* are synonymous, but the omission of the term *"feloniously,"* is fatal.

*Appeal from Sebastian Circuit Court.*

Hon. A. A. HARGROVE, Circuit Judge.

GARLAND & NASH, for appellant.

MONTGOMERY, Attorney General, for appellee.

HARRISON, J.

Moses Edwards was indicted in the circuit court of Sebastian county, for the Fort Smith district, for the murder of William Snipes.

After some of the jurors had been selected for the trial, but before any one of them had been sworn, he applied for a change of venue. His petition was verified by his affidavit, and the affidavit of another person, and assigned for cause that the minds of the inhabitants of the district were so prejudiced against him that a fair and impartial trial could not be had therein. The court refused to order the removal of the cause, and he was tried and convicted of murder in the first degree. He moved for a new trial and in arrest of judgment. His motion was overruled, and he appealed.

The first objection made by the appellant to the proceedings of the court below, is its refusal to allow the application for a change of venue.

His application appears to have been in strict conformity with the statute, and, when he brought himself within its requirements, he became entitled to the change as a matter of right, and it was the imperative duty of the court, without inquiry as to the truth of the cause assigned, or any consider-

ation of expediency, to order the removal of the cause. *Sections* 132, 139, *ch.* 52, *Digest; Brennan, et al., v. The People*, 15 *Ill.*, 511; *Clark v. The People*, 1 *Scam.*, 117; *Freleigh v. The State*, 8 *Mo.*, 606.

Appellant also insists that the indictment is defective, because it does not charge that the killing was done "*feloniously*" and "*of malice aforethought.*"

The indictment charges that the defendant, "*purposely* and *of deliberate* and *premeditated malice,*" made the assault and gave the mortal wound, and, in the conclusion, that he did, "*purposely* and of *deliberate* and *premeditated malice,* kill and murder the deceased."

Premeditated and aforethought are synonymous; and premeditated malice and malice aforethought are in sense and meaning the same; and either form of expression may, with equal propriety, be used, and the indictment does, therefore, in fact, charge the offense to have been committed with malice aforethought. But the omission of the word "*feloniously*" is not supplied by any other, and the authorities, with scarcely an exception, agree that it is absolutely necessary, in charging a felony, to allege that the act was *feloniously* done. 1 *Bishop Crim. Proceed.*, sec. 189; 1 *Arch. Cr. Pr. and Pl.*, 288; 1 *Stark. Cr. Pl.*, 76, 77; 1 *East P. C.*, 346; 2 *Hall*, 184, 187; 4 *Bea. Com.*, 307; *Bacon's Ab., I., (G.;) Respublica v. Honeyman*, 2 *Dall.*, 228; *Williams v. The State*, 8 *Humph.*, 585; *State v. Eldridge*, 12 *Ark.*, 608; *Milan v. The State*, 24 *Ark.*, 346; *Curtis v. The People*, 1 *Scam.*, 285; *Curtis v. The People*, 1 *Breese*, 197.

The objection to the indictment, because the offense is not charged to have been feloniously committed, is therefore well taken.

As the bill of exceptions fails to show whether the instruc-tions set out, asked by the defendant, were given or refused, and the only question which can be raised upon the motion for a new trial is, as to the sufficiency of the evidence to warrant the conviction; and, inasmuch as the judgment must be reversed

for the errors we have mentioned, we shall give the motion for a new trial no consideration.

Let the judgment be reversed, and the cause remanded for further proceedings.