## TURNER *v.* STATE.

Opinion delivered December 7, 1895.

MURDER—INDICTMENT.—An indictment alleging that defendant did unlawfully, willfully and of malice aforethought, and after premeditation and deliberation, kill and murder a person named by shooting him with a certain gun loaded with gunpowder and leaden bullets "with the felonious intent to then and there kill and murder him," is a good indictment for murder in the first degree.

Appeal from Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

*J. E. London,* for appellant.

1. The indictment is not good. The word "feloniously" must be used to charge a felony. 25 Ark. 444; 29 *id.* 147; 2 Dev. & Bat. 297.

2. The word "felonious" is not used in the charging part of the indictment. 60 Ark. 564. The indictment must charge the *killing*, and not merely the act which results in the killing, to have been done wilfully, deliberately and premeditatedly. 21 Kas. 43; 27 Iowa, 412, 415.

*E. B. Kinsworthy,* Attorney General, for appellee.

1. Murder is the *unlawful* killing. Section 1639, Sand. & H. Dig. Murder in the first degree is defined by Sand. & H. Dig. sec. 1644. Neither of these sections uses the word "felonious." Under these statutes, murder in the first degree is the willful, deliberate, malicious and premeditated killing of a human being. All these adjectives are used in the indictment, which concludes "with the *felonious intent,*" etc. The gist of the crime is the intent. 4 Bl. Com. 306; 29 Ark. 264. This is sufficiently charged. 40 Pac. 63; 24 Kas. 445; 7 Cal. 403; 14 Lea (Tenn.), 424.

2. There is no prejudicial defect in the indictment. Sand. & H. Dig. secs. 2075-6. The variance, if any, is only in form, not misleading, and therefore no basis for objection. 54 Ark. 494; 55 *id.* 439. In 25 Ark. 444, 29 *id.* 147, and 32 *id.* 193, the word "feloniously" was not used in charging the act or intent. All the essentials of a good indictment are found in the one under consideration.

BATTLE, J. The defendant, Pruitt Turner, was accused of murder in the first degree. The indictment against him, omitting the caption, was as follows:

" The grand jury of Franklin county, in and for the Ozark district thereof, in the name and by the authority of the State of Arkansas, accuse P. Turner of the crime of murder in first degree, committed as follows, to-wit: The said P. Turner on the 17th day of February, 1895, in the county and district aforesaid, did unlawfully, willfully, and of his malice aforethought, and after premeditation and deliberation, kill and murder one Bob Hawkins, by shooting him, the said Bob Hawkins, with a certain gun which he, the said P. Turner, had and held in his hands, the said gun being then and there loaded with gunpowder and leaden bullets, with the felonious intent to then and there kill and murder him, the said Bob Hawkins, in manner and form aforesaid, against the peace and dignity of the state of Arkansas."

He was tried, and convicted of murder in the first degree. Having filed a motion for a new trial, which was overruled, and a bill of exceptions, he appealed to this court.

Is the indictment sufficient? This is the only question necessary for us to notice in this opinion. He is entitled to no relief on account of the other grounds set forth in his motion for a new trial.

The statutes upon which the indictment was based define murder to be "the unlawful killing of a human being, in the peace of the state, *with malice aforethought*, either express or implied;" and define murder in the first degree to be "all murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of *willful, deliberate, malicious, and premeditated killing*, or which shall be committed in the perpetration of, or in the attempt to perpetrate, arson, rape, robbery, burglary, or larceny." Sand. & H. Dig. secs. 1639, 1644. All the acts necessary to constitute murder in the first degree, as defined by the statutes, are stated in the indictment in question. It is alleged that appellant killed Bob Hawkins by shooting him with a gun loaded with gunpowder and leaden bullets; that he shot him with the felonious intent to kill him, that is, he willfully, unlawfully, and feloniously killed him; and that he did so with malice aforethought, and after deliberation and premeditation. It is true it is not alleged that the "accused feloniously, willfully, and of his deliberately premeditated malice aforethought, did make an assault upon the deceased, and, a certain gun, which then and there was loaded with gunpowder and one leaden bullet, and by him, the said Pruitt Turner, held in both his hands, he, the said Turner, did then and there feloniously and of his deliberately premeditated malice aforethought shoot off and discharge at and upon the said Bob Hawkins, thereby, and by thus striking the said Bob Hawkins with the said leaden bullet, inflicting on and in the left side of his head one mortal wound, of which mortal wound the said Hawkins instantly died," according to the form recommended by Mr. Bishop, but all these allegations are substantially contained in the indictment. The allegations as to the assault, and the manner thereof, are virtually stated in it, because the

appellant could not have killed Hawkins in the manner alleged without committing an assault in· the same manner.   It is virtually alleged. that he unlawfully, willfully, feloniously, and with malice aforethought, and after deliberation and premeditation, shot Hawkins, because it said that he unlawfully, willfully, and with malice aforethought, and after premeditation and deliberation, killed him by shooting him with a gun with the "felonious intent to then and there kill and murder him."   The killing having been willfully committed by shooting, the shooting was done in the manner the killing was alleged to have been perpetrated.   It is not alleged that Turner shot off and discharged the gun at and upon Hawkins, but the same allegation is in effect made by the statement that the gun was loaded with gunpowder and leaden bullets, and that he killed Hawkins by shooting him with the gun thus loaded. All the essentials of the approved forms for indictments for murder in the first degree are substantially set out in the indictment in question, "in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

But appellant contends that the indictment is fatally defective because the word "feloniously" is not used in charging the offense, and cites *Edwards* v. *State*, 25 Ark. 444, and *Mott* v. *State*, 29 Ark. 147, to sustain his contention.   In neither of them was the crime of which the defendant was accused alleged to have been committed with a felonious intent, as in the indictment before us.   The question we have under consideration was not presented for determination.   While, according to them, it is necessary for indictments for felonies to show that the crime charged was feloniously committed, we think that is done when it is alleged to have been perpetrated with a felonious intent.   There is no magic in words. Ideas are important.   When they are conveyed in lan-

guage sufficient to enable a person of common understanding to fully comprehend them, as a general rule, the whole mission of words is accomplished.

The indictment in this case is unskillfully drawn, but we think it is sufficient.

Judgment affirmed.