LaRUE *v.* STATE.

Opinion delivered May 29, 1897.

HOMICIDE—INDICTMENT.—An indictment alleging that defendant did unlawfully, wilfully, feloniously, and with his malice aforethought, and after deliberation and premeditation, kill and murder a person named by shooting him with a certain gun loaded with gunpowder and leaden bullets, is a good indictment for murder in the first degree. (Page 147.)

SAME—JUSTIFICATION.—One who is murderously assaulted by another may stand his ground and, if immediately necessary to protect himself, may slay his assailant. (Page 147.)

Error to Logan Circuit Court.

JEPHTHA H. EVANS, Judge.

*J. V. Bourland*, for appellant.

*E. B. Kinsworthy*, Attorney General, for appellee.

BATTLE, J. The defendant, Bob LaRue, was accused of murder in the first degree. The indictment against him, omit-

ting the caption, was as follows: " The grand jury of Craw-
ford county, in the name and by the authority of the State
of Arkansas, accuse Bob LaRue of the crime of murder in the
first degree, committed as follows, to-wit:    The said Bob
LaRue, on the 13th day of November, 1894, in the county
aforesaid, did unlawfully, wilfully, feloniously, and with his
malice aforethought, and after deliberation and premeditation,
kill and murder one John Johns, by shooting him, the said
John Johns, with a certain gun which he, the said Bob LaRue,
then and there had and held in his hands, the said gun being
then and there loaded with gunpowder and leaden bullets,
against the peace and dignity of the State of Arkansas."

To this indictment a demurrer was filed by the defendant,
which was overruled by the court.    He was thereupon arraigned,
pleaded not guilty, and was tried.    Evidence was adduced tend-
ing to prove that a feud of long standing existed between John
Johns, Loyd Johns and Harry Johns, on the one part, and
Bob LaRue, his brother, Ben LaRue, his father, Jim LaRue,
and his brother-in-law, Lafayette Cluck, on the other part; that
the defendant, Jim and Ben LaRue, and Cluck, on the 13th
day of November, 1894, in the county of Crawford, in
this state, learning that John Johns was about to pass along
a certain public road, and intending to kill him, armed and
concealed themselves behind a fence, and in the horse lot of
Jim LaRue, near where Johns was about to pass; that Johns
rode by on horseback soon afterwards, and they fired upon him
from ambush as he did so, and Bob LaRue, the defendant,
killed him.    Testimony, on the other hand, was produced which
tended to show that Bob LaRue was in the horse lot of his
father, where he resided, sitting upon a stump, feeding his hogs,
when John Johns, riding by, discovered him, and commenced shoot-
ing at him with a gun; that Bob stepped to the corner of a stable,
where his gun was standing, and "returned the fire," and they
continued to shoot at each other until Johns, mortally wounded,
retreated from the field of combat, and Bob ceased firing.

Upon this evidence the court, among other things, instructed
the jury as follows:    "Before a person is justified in killing
another in self-defense, the slayer must use all means in his
power consistent with his safety to avoid the danger, and avert
10

the necessity for the killing; and until he has done that, he is not justified in self-defense, and should be convicted of some grade of criminal homicide, to be determined by the proof. The danger must be present, immediate, impending and about to fall on the slayer. Past danger or future danger, unless then immediate, impending and about to fall, will not justify the killing in self-defense.

"If defendant was in real danger or apparent danger of receiving death or great bodily harm at the hands of deceased, and then used all means in his power, consistent with his safety, to avoid the danger, real or apparent, and avert the real or apparent necessity for the killing, defendant is justified. If such is not the case, and defendant intentionally shot and killed John Johns, in Crawford county, Arkansas, within three years next before the finding of the indictment in this case, you will convict the defendant of some grade of criminal homicide, and of as high a grade as you find from the evidence, beyond a reasonable doubt, defendant to be guilty, if in fact you find him guilty at all.

"If defendant had heard that John Johns was coming down to kill him, and saw John Johns riding along the road, and thereupon intentionally shot and killed John Johns, without using all reasonable means in his power, consistent with his safety, to avoid the real or apparent danger, and avert the necessity for the killing, then he is guilty of some grade of criminal homicide; and you will convict him of the grade proved, if it occurred in Crawford county, Arkansas, and within three years next before the finding of the indictment.

"If John Johns made threats against Bob LaRue, the making of the threats would not justify the defendant in taking the life of John Johns, while John Johns was riding along the road, if John Johns was doing so, unless John Johns was really or apparently, as explained in the instructions, about then to put such threats into execution; and then defendant must use all means in his power, consistent with his safety, to avoid the danger, and avert the necessity, real or apparent, for the killing. If there was an encounter between John Johns and defendant, and defendant could, at any time from the beginning to the conclusion of the difficulty, have reasonably withdrawn from

the contest without immediate danger to himself, the law required him to withdraw, and would not in that event permit him to stand and shoot his adversary.

"If defendant was expecting John Johns to pass the road, and armed himself, and stationed himself in the horse lot conveniently near to the road, for the purpose of shooting and killing John Johns when he should so come along, and thereupon John Johns did come along the road, and defendant intentionally shot and killed John Johns at a time when John Johns was not, really or apparently, then about to kill defendant or do him great bodily harm, then defendant is guilty of murder in the first degree, notwithstanding John Johns may have before that time made threats against the life of defendant or others, his kindred.

"If John Johns came up near to where Bob LaRue was for the purpose of shooting Bob LaRue, or doing him great bodily harm, and the fierceness of the assault by John Johns was such that it was apparently as dangerous to retreat as to stand and fight, the law in that case does not require him to retreat or withdraw, and he may stand and defend himself, and, if necessary to save his own life or prevent his receiving great bodily harm, may shoot and kill his antagonist; but he must use all reasonable means in his power consistent with his safety, if any, to avoid the danger, and avert the necessity for the killing."

The defendant was convicted of murder in the second degree, and appealed.

The demurrer to the indictment was properly overruled. *Turner* v. *State*, 61 Ark. 359.

The instructions to the jury were not sufficiently full and complete. They did not tell the jury that the defendant was not compelled to retreat if he was first assaulted by the deceased with a murderous intent. According to them, it was the duty of the defendant, under any view the jury could have taken of the evidence, to retreat, and thereby avoid the killing of the deceased, if he could have done so with safety to himself. This is not so. He was not bound to retreat if the deceased first assaulted him with an intent to murder, but might have stood his ground, and, if need be, killed his assailant. Under

the evidence adduced, he was entitled to an instruction to that effect, but the instructions given were to the contrary.

Without further comment upon the law of self-dense and the duty to retreat, we refer, with approval, and in explanation of what we have said, to *Carpenter* v. *State*, 62 Ark. 305–311.

For the error in the instructions the judgment of the circuit court is reversed, and the cause is remanded for a new trial.