BIEARD *v.* STATE.

Crim. 3881

Opinion delivered May 7, 1934.

*Tom Harper* and *John P. Roberts*, for appellant.

*Hal L. Norwood*, Attorney General, and *Robert F. Smith*, Assistant, for appellee.

MEHAFFY, J. Appellant was indicted by the grand jury of Sebastian County for the crime of murder in the first degree, for the killing of Elmer Best. Upon a trial of the case in the circuit court, he was found guilty of murder in the second degree, and his punishment fixed at 12 years in the penitentiary. To reverse this judgment of conviction, this appeal is prosecuted.

The evidence is in conflict, but there is no contention that the evidence was not sufficient to justify the jury in returning a verdict of guilty. It would therefore serve no useful purpose to set out the evidence as to the manner of the killing. The killing was admitted.

The appellant contends for a reversal of the judgment, first, because he alleges that the court erred in giving instruction No. 8, given at the request of the State. Instruction No. 8 reads as follows:

"If you find from the evidence in this case, beyond a reasonable doubt, that at any time from the beginning of a difficulty between the defendant and deceased on the square at Greenwood in which the deceased was shot and killed by the defendant, if you find there was such a difficulty, that the defendant could have reasonably withdrawn from or avoided the difficulty with safety to himself, but failed to do so, he could not justify the killing on the ground of self-defense."

It is urged by appellant that there was no testimony introduced to show that the defendant was the aggressor in the difficulty in which deceased was killed. To support his contention he cites several cases, but we do not think these cases are in point.

An instruction similar to instruction No. 8 was given in the case of *Crews* v. *State*, 179 Ark. 94, 14 S. W. (2d) 261. The court in that case gave the following instruc-

tion: "You are instructed that, although you may believe that the defendant, Jim Crews, fired the first shot in necessary self-defense, still, if you believe that the second shot was fired at a time when the defendant, as a reasonably prudent person, acting on the facts and circumstances, without fault or carelessness on his part, did not honestly believe that it was reasonably necessary to further defend himself, then the defendant would be guilty of murder in the first degree, or murder in the second degree, or manslaughter, provided you believe that the second shot contributed in any manner to the death of the deceased."

In other words, no matter who the aggressor may be, if the time comes in the difficulty when the slayer could reasonably withdraw, with safety to himself, he cannot thereafter kill his antagonist and claim self-defense. Every one has a right to repel force with force, but he does not have the right to use more force than is necessary. Therefore the court correctly told the jury that, if the defendant could have reasonably withdrawn from or avoided the difficulty with safety to himself, but failed to do so, he could not justify the killing on the ground of self-defense.

In one of the cases cited and relied on by appellant, the court said: "He was not bound to retreat if deceased first assaulted him, with an intent to murder, but might have stood his ground, and, if need be, killed his assailant." *LaRue* v. *State,* 64 Ark. 144, 41 S. W. 53.

You will observe that the court stated he could kill his assailant if need be, if it were necessary in his self-defense. But, no matter who the aggressor is, one cannot justify a killing if he could have reasonably withdrawn with safety to himself. One assaulted is not required to retreat unless he can do so with safety to himself, but, if he can withdraw with safety, and refuses to do so, but kills his antagonist, he cannot justify the killing on the ground of self-defense.

Appellant next contends that the court erred in permitting the State to prove the general reputation of appellant three or four years prior to the difficulty. This

court has said: "For the purpose of testing the credibility of appellant, who testified in the case, the prosecuting attorney had a right to cross-examine him concerning his past conduct and immoralities." *Curtis* v. *State,* 188 Ark. 36, 64 S. W. (2d) 86.

This court said: "Appellant was asked all sorts of questions about having been a gambler and about other offenses and immoralities. This was merely for the purpose of testing his credibility and was admissible as such. This court so decided in the case of *Hollingsworth* v. *State,* 53 Ark. 387, 14 S. W. 41. This was with regard to a witness other than the accused himself, but we have since then frequently held that the same rule applies to a defendant in a criminal prosecution when he takes the witness stand in his own behalf." *Shinn* v. *State,* 150 Ark. 215, 234 S. W. 636.

It is next contended that the court erred in not setting aside the verdict of the jury because of misconduct of the jurymen. The appellant contends that some of the jurors at different times left the jury room and went to the toilet or rest room, and that some citizen was in the rest room at the same time.

Section 3187 of Crawford & Moses' Digest provides: "The jurors, before the case is submitted to them, may, in the discretion of the court, be permitted to separate, or be kept together in the charge of proper officials."

Section 3190 of Crawford & Moses' Digest provides: "After the cause is submitted to the jury they must be kept together in the charge of the sheriff, in the room provided for them, except during their meals and periods for sleep, unless they be permitted to separate by order of the court."

The record is silent as to whether the court made any order, but we said in a recent case: "Where the court permits the jurors to separate, or where there has been no order keeping them together, the burden rests upon the complaining party to show that prejudice resulted. There is no evidence in the record tending to show that anything was done by the juror or any one else while he was absent from his fellow jurors that resulted in any

prejudice to the appellant." *Wallace* v. *State,* 180 Ark. 627, 22 S. W. (2d) 395.

There is nothing in the record in the instant case tending to show that any prejudice resulted or that anything wrong was done by any of the jurors.

The appellant does not abstract the instructions, but we have carefully examined them, and find no error either in giving or refusing to give the instructions. We find no error in the record, and the judgment of the circuit court is affirmed.