PELTS
v.
THE STATE.

*W. M. Jenners*, for the appellee.

(1) Vide *Bosley* v. *Farquar et al.* Vol. 2, of these Rep. 61, 67, 70, and note.— *Barlow* v. *The State*, Idem, 114, and note.

---

### PELTS v. THE STATE.

An indictment for receiving stolen goods knowing them to be stolen, omitted to state that the defendant had received them *with intent to defraud the owner;* but it stated that he had *feloniously* received them, knowing, &c. *Held*, on motion in arrest of judgment, that the indictment was insufficient.

ERROR to the *Greene* Circuit Court.

M'KINNEY, J.—The indictment contained two counts. The

first charged a larceny. The second charged "that the said
*Joseph Pelts* on the day and year aforesaid, &c. one copper still
cap of the value of 3 dollars of the personal property of one
*John S. Moore* then and there being found, by some evil disposed
person to the jurors aforesaid unknown having been then and
there feloniously stolen, taken, and carried away, then and
there feloniously did take and receive, he the said *Joseph Pelts*
then and there well knowing the same to have been stolen as
aforesaid," &c. The defendant pleaded not guilty, and on his
motion the prosecuting attorney was required by the Court to
elect on which count he would rely. He elected to proceed
to trial on the second, and entered a *nolle prosequi* on the first.
A jury rendered the following verdict: "We the jury find
the defendant guilty, and assess his fine at 6 dollars; that he
be imprisoned in the county gaol of *Greene* county for the
term of 24 hours; and that he be disfranchised, and rendered
incapable of holding an office of honour and profit for the
term of 12 months." The defendant moved to arrest the
judgment, assigning several reasons in support of his motion.
They in substance deny the sufficiency of the count, in the
description of the offence. The motion was overruled, and
judgment rendered on the verdict.

It is conceded by the counsel for the state, that the indict-
ment is founded on the 4th section of the act of 1829, amend-
atory of the act relative to crime and punishment. That
section contains the following description of the offence: "who
shall buy, conceal, or receive any stolen goods and chattels,
knowing the same to be stolen, with intent to defraud the
owner," &c. In *Hawk.* P. C. 229, sec. 68, in 3 Bac. Abr. 570,
and in 1 Chitt. C. L. 232, the rule is said to be general, that
in indictments upon statutes, unless the statute be recited, the
indictment must bring the offence within all the material words
of the statute; that neither intendment nor conclusion is suf-
ficient unless this be done. Appropriate cases in illustration of
the rule are given by those writers. *Chitty*, speaking of indict-
ments upon statutes, remarks, "and not even the fullest descrip-
tion of the offence, were it even in the terms of a legal definition,
would be sufficient without keeping close to the expressions of
the statute." In page 237, he further remarks, that "it is in
every case advisable to attend, with the greatest nicety, to the
words contained in the act, for no others can be so proper to

describe the crime; the exceptions if any are doubtful; and the broad principle which renders a strict adherence essential, is supported by too strong a number of decisions to be shaken."

Adopting this well supported rule, in the examination of the count before us, it would seem clear that the offence described in the statute is not charged in the count. The purchase, concealment, or reception of stolen goods, to subject to the punishment prescribed by the statute, must be in the language of the statute, "with intent to defraud the owner." The intent constitutes the liability to the punishment prescribed. It is the gist of the offence, and essentially descriptive of it. If the intent were not proved on the trial, guilt under the statute would not attach; and if the intent be necessary to be proved in order to convict, it would seem necessarily to follow, that the count not charging the intent is insufficient. It is however contended, that the word "feloniously" used in the count, from its legal import, fixes the criminality of the act charged, and well supplies the absence of the words of the statute. In answer to this it may be observed, that this is an offence created by the statute itself highly penal, and that agreeably to the authority referred to, not even the fullest description in the terms of a legal definition is sufficient, without keeping close to the expressions of the statute. The cases of *Rex* v. *Pemberton*, 2 Burr. 1035, *Commonwealth* v. *Boyer*, 1 Binn. 201, and *Commonwealth* v. *Morse*, 2 Mass. Rep. 128, strongly support the rule laid down by *Hawkins*, *Bacon*, and *Chitty*. The latter case is analogous to that before us. It was an indictment upon a statute against forgery and counterfeiting, describing an offence in these words, "or shall have in his possession any such plate or plates engraven in any part, or any paper, &c., devised, adapted, and designed as aforesaid (that is, for the purpose of counterfeiting) with intent to use and employ the same in forging," &c. The indictment did not charge that the defendant was possessed of the said paper with "intent," &c. It was adjudged defective, and judgment arrested.

The view we have taken is additionally sustained by the repeal in 1829 of the 6th section of the act of 1824, relative to crime and punishment. By the latter branch of that section, "every person who shall buy or receive stolen goods, knowing the same to be stolen, shall upon conviction be punished," &c. The count we are examining would have been good under that

section, and the word "feloniously" would have given legal effect to the charge, but is clearly insufficient under the latter enactment, which defines specifically the offence embraced in it (1).

The count is defective, and the defendant's motion in arrest of judgment should have been sustained by the Circuit Court.

*Per Curiam.*—The judgment is reversed. To be certified, &c.

*J. Whitcomb*, for the plaintiff.

*H. Brown*, for the state.

(1) Rev. Code, 1831, p. 181, the same with the act of 1829.