## ALBERT DARRAH V. STATE OF NEBRASKA.

### FILED JUNE 18, 1902. No. 12,681.

Information: RECEIVING STOLEN PROPERTY: INTENT: SUBSTANTIVE DEFECT. An information drawn under section 116 of the Criminal Code, which charges that the defendant bought and received stolen property, knowing it to have been stolen, but which fails to allege that he bought or received it with intent to defraud the owner, is defective in substance, and will not support a conviction.

ERROR from the district court for Scott's Bluff county. Tried below before GRIMES, J. *Reversed.*

*R. C. Noleman* and *Doyle & Berge,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* for the state.

SULLIVAN, C. J.

There is probable merit in some of the arguments advanced by counsel for Darrah, but in disposing of the case we do not find it necessary to examine any of them critically. The facts affirmed by the verdict are consistent with innocence; they do not necessarily constitute a crime. The sentence must, therefore, be reversed, even if all the disputed points should be resolved in favor of the state.

The prosecution is grounded upon section 116 of the Criminal Code, which declares: "If any person shall receive or buy any goods or chattels of the value of thirty-five dollars or upwards, that shall be stolen or taken by robbers with intent to defraud the owner, or shall harbor or conceal any robber or thief guilty of felony, knowing him or her to be such, every person so offending shall be imprisoned in the penitentiary no more than seven years, nor less than one year."

The second count of the information—the count upon which the defendant was convicted—is as follows:

"That Albert Darrah, on and about the second day of October A. D. 1901, in the county of Scott's Bluff and state of Nebraska, then and there being, did then and there unlawfully and feloniously receive and buy certain stolen property, to wit: two hundred eighty-five pounds of car and engine brasses, of the value of thirty-seven and 44-100 dollars, the property of the Chicago, Burlington & Quincy Railroad Company, a corporation, he, the said Albert Darrah, then and there knowing that the said property so received by him, the said Albert Darrah, to have been stolen, contrary to the form of the statute in such case made and provided and against the peace and dignity of the people of the state of Nebraska."

It will be noticed at once that the pleader has omitted from this count one of the essential elements of the crime

of receiving stolen property, namely, the intent with which the act was done. If property known to have been stolen is received by an agister, a liveryman or a warehouseman without intending to conceal it, or to aid the thief in securing the fruits of his crime, the act is obviously not a violation of section 116. And if a person should buy or receive stolen property for the purpose of returning it to the owner, or under circumstances affording no evidence of an intent to defraud, the act would be innocent, even though done with full knowledge of the theft. The legislature has very properly made a specific fraudulent intent an essential ingredient of the crime, and this intent the state must allege and prove in every case. It is a cardinal rule of criminal pleading that all the elements of a statutory crime must be set out in the language of the statute, or in other language of equivalent import. If any element is omitted, the indictment or information is fatally defective. In this case it was alleged that the property was bought and received with knowledge of the fact that it had been stolen, but that is not equivalent to alleging that it had been bought and received with intent to defraud the owner. The two expressions are not identical in meaning; they are used by the legislature to convey distinct ideas. Both were contained in section 116 as originally adopted. General Statutes, 1873, p. 746. When the section was amended the words "knowing the same to be stolen or taken by robbers" were left out. But in the definition of the crimes covered by sections 115, 117 and 117a, of the Criminal Code, guilty knowledge and fraudulent intent are still retained as descriptive elements.

*Holt v. State,* 5 So. Rep. [Ala.], 793, was a case in which the defendant was convicted under a statute providing that: "Any person, who buys, receives, conceals, or aids in concealing any personal property whatever, knowing that it has been stolen, and not having the intent to restore it to the owner, must, on conviction, be punished as if he had stolen it."* The indictment did not charge the par-

*Code of 1886, sec. 3794.

ticular intent with which the act was done, but did allege that the defendant feloniously bought, received and concealed the property, knowing it to have been stolen. The court held that the offense denounced by the statute was not pleaded, and reversed the sentence. The supreme court of Indiana in *Pelts v. State*, 3 Black., 28, having before it the precise question here considered, reached the conclusion that an indictment which alleged knowledge of the theft, but failed to allege a fraudulent intent, was defective in substance. A somewhat extended examination of the books has not brought to light a single case which may be cited to sustain the information.

The judgment is

REVERSED.