## STATE *v.* JAMES BANNISTER.

January Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed February 5, 1907.

*Criminal Law—Statutory Offences—Receiving Stolen Property—Sufficiency of Indictment—V. S. 4974.*

Whether an indictment in the words of a statute creating the offence is sufficient, depends upon the statutory statement. If every fact necessary to constitute the offense is charged or necessarily implied by following the language of the statute, an indictment in the words of the statute is sufficient, otherwise not.

The word "feloniously" when used in an indictment both characterizes the crime and charges an unlawful intent.

Receiving stolen property, knowing it to be stolen, was an offence at common law; and V. S. 4974 merely provides for the punishment of that offence, without enumerating the acts that constitute it. An indictment for that offence must, therefore, use the terms which technically charge it at common law.

An indictment which charges that the respondent "did feloniously receive and have four head of cattle, of the value * * *, the goods and chattels of one George Marsh, then lately before felon-

iously stolen, taken and carried away by some evil disposed person," the respondent "then and there well knowing the said cattle to have been feloniously stolen, taken and carried away, contrary to the form of the statute," etc., is sufficient at common law, and would be sufficient for a statutory crime.

INDICTMENT for receiving stolen property, knowing it to be stolen. Heard on demurrer to the indictment at the September Term, 1906, Orleans County, *Haselton,* J., presiding. Demurrer overruled and indictment adjudged sufficient. The respondent excepted.

*O. S. Annis,* and *F. S. Rogers* for the respondent.

The indictment does not set forth such facts as constitute the crime, nor negative the presumption that the respondent received the property innocently. 1 Bish. Cr. Proc. §411; *State* v. *Day,* 3 Vt. 142.

The use of the word "feloniously" does not supply the requirement that the indictment should allege the intent with which the respondent received the goods. *State* v. *Keach,* 40 Vt. 113.

*E. A. Cook, State's Attorney,* for the State.

TYLER, J. This case is before us upon demurrer to the indictment which charges: "That James Banister * * *, did feloniously receive and have four head of cattle of the value of * * * *, the goods and chattels of one George Marsh, then lately before feloniously stolen, taken and carried away by some evil disposed person, * * *, he, the said James Banister, then and there well knowing the said cattle to have been feloniously stolen, taken and carried away, contrary to the form of the statute," etc.

The indictment is brought upon V. S. §4974 which provides that: "A person who buys, receives, or aids in the concealment of stolen property, knowing the same to be stolen, shall be punished the same as for the stealing of such property, *   *   *."

The ground of the demurrer is that the indictment alleges no act or intent of the respondent in violation of the statute referred to or of any other law.

It is true that guilty knowledge, involving guilty intent, on the part of the respondent, is essential to the constitution of this crime. 1 Whart. 983. Bishop says, 2 New Crim. Law 1138, that, as fundamental for the criminal intent, without which there can be no crime, and by the statutory terms, the receiver must know the goods to have been stolen, and that the intent must be in some way, fraudulent or corrupt.

There are crimes and misdemeanors that are created and defined by statutes. In such cases the indictment is sufficient if it follows the language thereof if every fact necessary to constitute the offence is charged or necessarily implied by following such language. But as was said by the Court in *State* v. *Fiske,* 66 Vt. 434, 29 Atl. 633, if, from the nature of the offence, the words of the statute do not clearly and definitely apprise the defendant of the offence charged, greater particularity must be used. Many cases that have arisen in this and other states illustrative of the exception to the general rule are in that case reviewed.

In the present case if the offence charged were statutory, an indictment following the language of the statute, without more, would be insufficient for the reason that no intent to commit a criminal act would be alleged, and the respondent might have received the cattle with the honest intention of

restoring them to the owner, or for other lawful purpose. *State* v. *Corcoran,* 73 Vt. 404, 50 Atl. 1110.

The respondent's counsel seem to have misunderstood the purpose of the statute which does not create nor define the offence. Receiving stolen property by a person, knowing it to be stolen, was a misdemeanor at common law, but by 3 W. and M. c. 9, it was made a felony. Our statute was enacted to punish the common law offence by its legal or common law designation without enumerating the acts that constitute it. It was therefore necessary to use in the indictment the terms which technically charge the offence at common law. Rob. Dig. p. 217, pl. 208.

Referring then to the common law we find that the obviously essential elements of the crime are as above stated— knowledge that the goods were stolen and receiving them with an unlawful intent. Wharton says, Vol. 1, 991, that it is enough if the respondent receives and holds the property for the purpose of obtaining an offered reward from the owner. *State* v. *Pardee,* 37 Ohio St. 63.

By the use of the word "feloniously" in the indictment the prosecutor charged the respondent with the commission of a grave crime. Bishop says, 1 New Crim. Law, 427: " 'Felonious,—' standing alone, rather designates the grade of the crime—that is 'felony' in distinction from misdemeanor —than any particular form of the felonious intent. Yet, in a sort of general sense, it points to the intent which enters into a felony."

The form of indictment here used is in accordance with that prescribed in Bish. New Crim. Pro. and in Arch. Crim. Pro. It is the form generally used in other states under similar statutes. In *People* v. *Johnson,* 1 Parker's Crim. R. 564, the Court said it had found no case where the indictment had

omitted to charge the respondent with having feloniously received the stolen property with a knowledge of its having been stolen.

The indictment is sufficient at common law and would be sufficient for a statutory crime.

*Judgment affirmed and cause remanded.*