HOWARD, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 24—May 11, 1909.*

*Burglary: Statutory offense: Statutes: Construction: "Any other building:" Criminal law and practice: Trial: Former conviction: Error in admission of evidence: Reversal: Mandate.*

1. Under sec. 4409, Stats. (1898), making it an offense to break and enter in the nighttime any office, shop, warehouse, or any other building with intent to commit enumerated felonies, the words "any other building" are not intended to include a schoolhouse or other building erected or employed for public purposes.
2. Where former convictions and sentences, as permitted by secs. 4736–4738, Stats. (1898), are alleged in the information and the accused admits their truth on the trial, it is prejudicial error to admit evidence thereof and permit comment thereon to the jury.
3. Where an accused was found guilty and sentenced upon an information that charged no offense in the law, the sentence and judgment will be reversed.

ERROR to review a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

This action is before this court on a writ of error to review the judgment of the circuit court which sentenced the plaintiff in error to imprisonment at the state prison for the term of six years, he having been found guilty of "wilfully, feloniously, and burglariously" breaking and entering "in the nighttime of a certain day a certain building and schoolhouse, not adjoining with nor occupied as a dwelling house, . . . the joint property of joint school district No. 10 of the towns of Hamilton and Farmington, . . . with intent the goods and chattels of one Earl McIntosh then and there being found, feloniously to take, steal, and carry away." The jury also found that the plaintiff in error, previous to the commission of the burglary, had been convicted and sentenced for three crimes, twice for burglary and once for grand lar-

ceny, and that such sentences remained of record unreversed. After the jury had been sworn they retired under the court's direction, and the defendant admitted in open court the former convictions and sentences as charged in the information and that the same were unreversed, and objected to the introduction of evidence on these charges. The objection was overruled and the state was permitted to introduce in detail evidence of the prior offenses and also evidence of defendant's prison record under such sentences.

For the plaintiff in error there was a brief by *Morris & Hartwell*, and oral argument by *T. H. Morris*.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt*, assistant attorney general, and *Otto Bosshard*, district attorney, and oral argument by *Mr. Bosshard*.

SIEBECKER, J. The information charges that the plaintiff in error burglariously broke and entered a schoolhouse in the nighttime with intent to steal the property then therein. It is urged that the alleged charge does not constitute an offense within the criminal law of this state. It is manifest that the information attempts to charge an offense under sec. 4409, Stats. (1898). Originally this statute was embodied in R. S. 1849, ch. 134, sec. 11, which made it an offense to "break and enter in the nighttime any office, shop or warehouse not adjoining to or occupied with a dwelling house, . . . with intent to commit the crime of murder, rape, robbery, larceny or any other felony." This continued to be the law until 1878, when it was amended by inserting the words "or any other building" after the word "warehouse." Do the words so added by amendment include all buildings or are they restricted in their scope? It is evident that secs. 4407–4411, Stats. (1898), inclusive, are an enumeration of the instances which constitute the statutory crime of burglary. They nowhere specifically indicate that it was intended that

the breaking and entering of a schoolhouse or any other build-
ing devoted to public uses with intent to commit any of the
offenses specified in sec. 4409, Stats. (1898), should be a
burglary. The statute must be interpreted in view of the
nature of the offense.

Burglary at common law was an offense against the habita-
tion and not against property, and was confined to dwellings.
In recent times the offense has been extended to include
breaking and entering of shops, warehouses, and other prem-
ises, thereby making it an offense against property also. The
offense as extended now includes structures and premises, a
breaking and entry into which constitutes an offense not only
against habitation, but also against the ownership of private
property. The history of sec. 4409, Stats. (1898), supports
the idea that the offense created thereby was to include the
elements of an offense against property as well as against
habitation. The offense was not generally predicated of
structures and premises devoted to public uses, nor are the
features of the offense such that from its nature it necessarily
includes a breaking and an entering of such structures and
premises. The legislation on the subject indicates that in
this state the crime of burglary as defined thereby was not
intended to embrace a breaking and an entry into buildings
devoted to public uses. Nowhere are such buildings specific-
ally designated within these statutes, while sec. 4412 of the
criminal law specifically provides a penalty for breaking, en-
tering, and stealing in public buildings. This indicates that
an offense involving the breaking into and an entering of
buildings devoted to public uses is specifically embraced in
and is to be punished under the later section, and thus tends
to show that it was not included in the former as a burglary.
To include it in both would lead to repugnancy between the
two sections, in that two punishments would be inflicted for
the same act. We are of opinion that the words "or any
other building" contained in sec. 4409, Stats. (1898), were

not intended to include a schoolhouse or other building erected or employed for public uses. From this it follows that the facts stated in the information do not charge the crime of burglary as defined by sec. 4409, Stats. (1898).

It is insisted that the objection to the introduction of evidence to prove the three prior convictions and sentences of the plaintiff in error, as alleged in the information under sec. 4736, Stats. (1898), should have been sustained. As above stated, before the state proceeded to introduce its evidence after the jury were impaneled and sworn, the defendant requested that the jury be directed to retire to permit him to admit of record the truth of the charges in the information concerning the alleged former sentences and that they remained of record unreversed. This request was granted, and plaintiff in error then admitted the truth of these allegations in open court and demanded that no evidence concerning them should be received and that the district attorney should be prohibited from commenting to the jury on such admissions as a fact tending to show his guilt of the offense charged when taken in connection with the other testimony in the case. The purpose of the statute pertaining to the punishment of criminals found guilty of successive offenses was considered in *Ingalls v. State,* 48 Wis. 647, 4 N. W. 785. It is there stated:

"The increased severity of the punishment for the subsequent offense is not a punishment of the person for the first offense a second time, but a severer punishment for the second offense, because the commission of the second offense is evidence of the incorrigible and dangerous character of the accused, which calls for and demands a severer punishment than should be inflicted upon the person guilty of a first crime."

It is also to be noted that the provisions of this statute (sec. 4736, Stats. 1898) are incorporated as a part of the law of judgments in criminal cases and the execution thereof. This indicates that the legislature did not regard it as part of the

Criminal Code which defines offenses, but treated it as a part of the criminal law regulating the sentence and judgment in cases where persons are guilty of successive state prison offenses. This view of the legislation negatives the claim sustained by the decision of the court of appeals of New York in *People v. Sickles,* 156 N. Y. 541, 51 N. E. 288, to the effect that, under the Code of Criminal Procedure in that state, such former conviction is an essential ingredient of and enters into and is made part of the offense with which the accused is charged and for which he is being tried. It may also be observed that the act on this subject in the New York Code of Criminal Procedure contains no provision respecting an admission of such former sentences. That court therefore considered that this fact in the information must be established in all cases by the prosecution as any other allegation of the information. Not so under the statute of this state, for it provides that the accused may admit this allegation on the trial. This provision carries with it, necessarily, the implication that under legal procedure no proof on the subject is necessary or need be required. This provision also suggests that the legislature intended to give the accused an opportunity to avail himself of the right afforded by the law which, except in certain cases, excludes evidence of other offenses from being submitted to the jury as proof of the guilt of the accused of the specific offense for which he is on trial. It is beyond controversy that proof of former sentences of the accused must necessarily prejudice the minds of the jurors against his interest when trying him for the offense with which he is charged. It is therefore a reasonable inference from the legislative regulation giving the accused the privilege of admitting such former sentences on the trial that it was intended that evidence thereof should not be received after such admission, and that there was no issue respecting such allegations for submission to the jury. Though this practice and procedure is not formally inserted in the statute, it fol-

lows by necessary implication in order to secure to the accused the rights manifestly contemplated by it.   These conclusions necessarily condemn the procedure adopted by the trial court in this case as erroneous and prejudicial.   We are of opinion that no evidence should be received nor comment to the jury be permitted in cases wherein former convictions and sentences, as embraced in secs. 4736–4738, Stats. (1898), are alleged when the accused admits the truth thereof on the trial.

The plaintiff in error was found guilty and sentenced upon an information that charges no offense in the law.   The sentence and judgment must therefore be reversed.

No other questions need be considered.

*By the Court.*—The judgment is reversed.   The warden of the state prison is directed to deliver the plaintiff in error, *James Howard,* to the custody of the sheriff of La Crosse county until otherwise ordered or discharged therefrom according to law.