## STATE v. BILLS.

### Opinion delivered April 19, 1915.

RECEIVING STOLEN GOODS—INTENT—ALLEGATIONS IN INDICTMENT.—An indictment charging the crime of receiving stolen goods, which alleges only that the receiving was done feloniously and does not set out that it was done "with intent to deprive the true owner thereof;" *held* defective.

Appeal from Crittenden Circuit Court; *J. F. Gautney*, Judge; affirmed.

*Wm. L. Moose*, Attorney General, *Jno. P. Streepey*, Assistant, and *M. P. Huddleston*, Prosecuting Attorney, for appellant.

The case turns upon the meaning of the word "feloniously" used in describing the defendant's action in receiving and having in his possession the stolen property. We submit that all the elements of knowingly receiving stolen property are alleged in the indictment, and that

it would amount to mere repetition to say that he received it with the intent to deprive the true owner of it, after it had been alleged that he feloniously received it. 95 Ark. 321; 94 Ark. 215; 111 Ark. 180; 94 Ark. 65.

No brief filed for the appellee.

SMITH, J. The indictment in this cause contains two counts; the first alleges the larceny of the property there described, and the second count charges appellee with receiving the property, knowing it to have been stolen. The charging part of the second count is as follows:

"On the 8th day of October, 1914, said person named in the caption hereof, did unlawfully, feloniously and knowingly receive into and have in his possession 423 pounds of meat of the value of fifty dollars, the property of St. Louis, Iron Mountain & Southern Railway Company, a corporation, all of which property had prior to the said time been stolen, and the said person named in the caption hereof, at the time of receiving and taking said personal property into his possession, well knew that the same had been stolen, against the peace and dignity of the State of Arkansas."

A demurrer was interposed and sustained to this second count, and the State has appealed.

The defect complained of is that the indictment failed to allege that the property was received "with the intent to deprive the true owner thereof." This indictment was returned under section 1830 of Kirby's Digest, which reads as follows:

"Whoever shall receive or buy any stolen goods, money or chattels, knowing them to be stolen, with intent to deprive the true owner thereof, shall, upon conviction, be punished as is, or may be, by law prescribed for the larceny of such goods or chattels in cases of larceny."

It is contended upon behalf of the State that the criminal intent to deprive the true owner of his property is charged by the use of the word "feloniously," and in support of this contention we are cited to cases which hold that the word "feloniously" in an indictment signi-

fies an intent to commit a crime. *Farrell* v. *State,* 111
Ark. 187; *Turner* v. *State,* 61 Ark. 359. But while the use
of the word "feloniously" does impute an unlawful intent
to commit a crime, its use can not supply the omission
of the allegations essential to constitute a charge of the
commission of the particular offense.

There are a number of cases which hold that the alle-
gation that the property was received with the intent of
depriving the true owner thereof is not essential; but, so
far as our attention has been called to them, those deci-
sions were rendered in States whose statutes on that sub-
ject do not contain the language found in our statute. In
34 Cyc. 520, under the title of "Prosecution and Punish-
ment for Receiving Stolen Goods," the following state-
ment of the law is found:

"3. Intent. It is sufficient to charge a wrongful
receiving without specifying the intent to defraud the
owner, where such intent is not mentioned in the statu-
tory provision."

A number of cases are cited in support of the text.
But, in the note to the text quoted, it is said that the rule
is otherwise where the statute specifies the fraudulent in-
tent, and a number of cases are cited in support of this
note.

Among the cases cited in support of the text quoted
from Cyc. is that of *Bise* v. *United States,* 144 Fed. 374,
7 Am. & Eng. Ann. Cas. 165. In that case it was com-
plained that the trial court erroneously overruled a de-
murrer, and a motion in arrest of judgment, challenging
the sufficiency of the indictment on the ground that it
was not therein alleged that the stolen property was re-
ceived without the consent of the owner or with the intent
to deprive him of its use and benefit. Judge Van Deven-
ter, speaking for the Court of Appeals of this circuit,
said:

"The complaint can not be sustained. The statute
defining the offense does not in terms make it an element
thereof that the stolen property shall be received without

the consent of the owner or with intent to deprive him of its use and benefit; and, while the statute is manifestly not designed to punish one who with lawful intent receives stolen property, as where he receives it with the consent of the owner, or for his use and benefit, we think the words 'unlawfully, feloniously' as used in the indictment mean that the act which they characterize proceeded form a criminal intent and evil purpose and thus exclude all color of right and excuse for the act.''

But it will be noted that the opinion calls attention to the fact that the statute defining the offense under which the indictment was **drawn, does** not make it an element thereof that the stolen property was received without the consent of the owner, or with the intent to deprive him of its use or benefit.

In the case of *Darrah* v. *State,* 90 N. W. 1123, the syllabus is as follows:

''An information drawn under section 116 of the Criminal Code of Nebraska, which charges that the defendant bought and received property, knowing it to have been stolen, but which fails to allege that he bought or received it with intent to defraud the owner, is defective in substance, and will not support a conviction.''

In the opinion in that case it was said: ''It is a cardinal rule of criminal pleading that all the elements of a statutory crime must be set out in the language of the statute, or in other language of equivalent import. If any element is omitted, the indictment or information is fatally defective. In this case it was alleged that the property was bought and received with knowledge of the fact that it had been stolen, but that is not equivalent to alleging that it had been bought and received with the intent to defraud the owner. The two expressions are not identical in meaning. They are used by the Legislature to convey distinct ideas. Both were contained in section 116 as originally adopted. When the section was amended the words 'knowing the same to be stolen or taken by robbers' were left out. But in the definition of

the crimes covered by sections 115, 117 and 117a of the Criminal Code, guilty knowledge and fraudulent intent are still retained as descriptive elements. * * * The indictment did not charge the particular intent with which the act was done, but did allege that the defendant feloniously bought, received, and concealed the property, knowing it to have been stolen. The court held that the offense denounced by the statute was not pleaded, and reversed the sentence. The Supreme Court of Indiana, in *Pelts* v. *State,* 3 Blackf. 28, having before it the precise question here considered, reached the conclusion that an indictment which alleged knowledge of the theft, but failed to allege a fraudulent intent, was defective in substance. A somewhat extended examination of the books has not brought to light a single case which may be cited to sustain the information.''

See, also, cases cited in the note to 34 Cyc. 520, and also 42 Century Digest, title "Receiving Stolen Goods," section 10.

So far as our examination has extended the statutes of most States on this subject do not contain the phrase "with the intent to deprive the true owner thereof," and the decisions of the courts of those States to the effect that such an allegation is unnecessary are of no authority in this State on that subject. Our statute does contain this language. It is an essential part of the offense and must be proved to sustain a conviction, and it follows, therefore, that an indictment which omits the allegation is defective.

Receiving stolen property is a statutory offense, and there is more or less difference in the statutes of the various States defining this crime.

In Bishop's Directions and Forms, § 915, it is said: "The pleader should bear in mind that this (receiving stolen property), is a statutory offense, even when viewed as accessorial to a common-law felony. So that every indictment for it is on some statute, which, as in other like cases, must be covered by the allegations. And the cau-

tion, so often given under other titles, is repeated here, that, as the statutes of our States differ, no pleader should draw an indictment until he had laid before him those of his own State, and the decisions thereon of his own court.''

In the case of *State* v. *Sakowski*, 90 S. W. 435, an indictment was held sufficient which alleged that defendant feloniously and fraudulently bought and received goods from the thief, knowing the same to have been stolen, without further alleging that the defendant received the goods with the intent to deprive the owner thereof. But in holding this indictment good the Supreme Court of Missouri said: ''The offense is purely a statutory one, and the General Assembly in defining it have not made it a constituent element of the crime that the receiver should receive the same with the intent to deprive the owner thereof.''

It follows, therefore, that the demurrer was properly sustained, and the judgment of the court below is therefore affirmed.