138

Ford, Plaintiff in error, vs. The State, Defendant in error.

*October 17—November 10, 1931.*

*Laurence W. Hall* of Madison, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Fred Risser,* district attorney of Dane county,

and *Carl Christianson,* assistant district attorney, and oral argument by *Mr. J. E. Messerschmidt,* assistant attorney general, *Mr. Risser,* and *Mr. Christianson.*

WICKHEM, J. The first contention of the defendant is that the verdict of guilty is not sustained by the evidence. We are satisfied that this contention is without merit. Five witnesses definitely identified the defendant as having participated in the robbery. In addition to this, the defendant was arrested in Chicago while in the company of one Farley, also identified by witnesses from his photograph as having been a participant in the robbery. On the occasion of his arrest the defendant had in his possession portions of the loot from the robbery. There is evidence to the effect that the defendant attempted to bribe the officers who arrested him, to release him, and to the effect that he attempted to evade the officers immediately prior to his apprehension. In his apartment were found two loaded revolvers, five dollars worth of pennies, a pair of brass knuckles, a package of cartridges which fit the guns, and some packages for wrapping coin. The defendant admits that the guns were his. This evidence, taken in connection with the positive identification of the defendant, is not merely sufficient, but very strong, indication of guilt. The defendant denied participation in the robbery, and offered explanations for his possession of the bonds stolen from the bank and for his conduct upon the occasion of his arrest. He also accounted for the property heretofore described as having been found in his apartment. The jury were entitled to reject his evidence in favor of that of the eye-witnesses, and in favor of the inferences which are obviously permissible from the rest of the testimony.

It is true that the evidence of the eye-witnesses was not unanimous as to the role played by the defendant in the robbery. There were three or four men involved in the crime, and some of the witnesses testified that it was the defendant

who brought the bank employees from behind the wicket into the vault, while others placed the defendant in the lobby of the bank and testified that he was the robber who guarded the customers of the bank at that place. This goes to the weight rather than to the sufficiency of the evidence. The same comment applies to other attacks upon the testimony of the witnesses. One O'Brien, a room clerk at the Webster Hotel, Chicago, was offered as a witness by the State, and testified that on the 29th of October, 1930, certain travelers' checks, which had been stolen from the Mount Horeb Bank on the occasion of the robbery, were presented to him for cashing by the defendant. It was necessary for the defendant, in order to cash these checks, to place his counter-signature upon the checks, in the presence of the witness. The defense produced Mr. John F. Tyrrell, a widely known handwriting expert, who testified that the handwriting upon the travelers' checks was not that of the defendant, and that he was incapable of making the signatures on the travelers' checks. This was also the opinion of Mr. L. M. Shearer, another expert on handwriting. While the testimony of the experts was quite positive, and their standing as experts very high, the jury was not required to treat their testimony as a verity.

It is further contended that the district attorney was guilty of conduct upon the trial highly prejudicial to this defendant and requiring a reversal of the judgment. The information filed in this case was not produced until the opening of the trial. It did not disclose that the defendant, on two previous occasions, had been convicted of crime. In the presence of the panel, counsel for the defendant informed the court of the two prior convictions. Thereafter the court, over the objection of the defendant, permitted the district attorney to read to the panel the information, including the previous convictions, and refused to strike out statements made by the district attorney to the panel to the effect that

the defendant had pleaded guilty in Illinois to larceny. A jury of twelve was sworn; the district attorney was again permitted in his opening statement to refer to the admissions of prior convictions by accused, and at the time the court refused to strike out the statement or to instruct the jury to disregard it. During the course of the trial the court, having come to the conclusion that it was error to permit the district attorney to comment on the prior convictions, instructed the jury that they must disregard these statements, and that the statements were withdrawn from their consideration.

This court has had several occasions in previous cases to condemn as improper any comment upon prior convictions under such circumstances as these. It is of course clear that a defendant, who has previously been convicted of crime, has a right to inform the court as to the prior convictions, and thus make immaterial any evidence concerning these prior convictions at the trial, except for the purposes of impeaching him as a witness should he take the stand. *Howard v. State,* 139 Wis. 529, 121 N. W. 133; *Esterra v. State,* 196 Wis. 104, 219 N. W. 349; *Meyers v. State,* 193 Wis. 126, 213 N. W. 645. In such a situation any comment by the district attorney, or any effort to introduce evidence of these convictions, except for purposes of impeachment, is highly improper and, under ordinary circumstances, will result in a reversal. In this case, however, the defendant took the stand and related in detail his entire career, fully describing all of his previous encounters with the law. Had his testimony not made such a course unnecessary, the district attorney could thereafter have put in evidence of prior convictions for the purposes of impeachment. The jury were carefully instructed that the prior convictions of the defendant could not be considered except in so far as they tended to affect his credibility as a witness. Under these circumstances there

was no prejudicial error, and the case is governed by the rule laid down in *Meyers v. State, supra,* and *Esterra v. State, supra.*

It is further contended that error was committed in permitting a witness, after the defendant had stated that with two exceptions he had not been in the state of Wisconsin during his life, to testify that he had seen the defendant in the Bank of Montello in August, 1930, three months prior to the offense charged. Counsel for the defendant refused to cross-examine the witness because the only cross-examination that could be made would raise the question as to the circumstances under which defendant was present in the Bank of Montello. The court thereupon struck out the testimony of the witness upon the ground that it was an attempt to impeach the accused on an immaterial matter, and instructed the jury to disregard the testimony of the witness. The evidence was properly stricken for the reasons assigned by the court. The objection to permitting impeachment upon immaterial matters is that such evidence tends to protract the trial and to confuse the issues. The mere admission of a single question of this sort, followed by an immediate ruling striking it out and an instruction to the jury to disregard it, cannot have resulted in prejudice to the defendant.

We discover no reversible error in the record.

*By the Court.*—Judgment affirmed.