STATE, Respondent, v. SCHNEIDER, Appellant.

*No. State 76. Submitted under sec. (Rule) 251.54 September 10, 1973.—Decided October 30, 1973.*

(Also reported in 211 N. W. 2d 630.)

For the appellant the cause was submitted on the briefs of *James A. Walrath* and *Shellow & Shellow,* attorneys, and *James M. Shellow* and *Raymond H. Thoenig* of counsel, all of Milwaukee.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

PER CURIAM. The action was commenced on February 20, 1969, with the filing of a complaint charging the defendant, Max Schneider, with the violation of sec. 944.21 (1) (a), Stats. (possession for sale of obscene material). The complaint charged: ". . . defendant did feloniously have in his possession for sale obscene pictures . . . ." The case proceeded to trial, and on April 9, 1970, the jury returned a verdict of guilty. The defendant was sentenced to the Wisconsin State Prison. An appeal was taken from the judgment of conviction and sentence and order denying motions. Schneider has been released on bail pending this appeal.

On January 15, 1973, after the filing of the notice of appeal with this court, the attorney general filed a petition in this court to confess error. The petition to confess error was predicated principally on the acknowledgment of the attorney general that the complaint was fatally defective and that no jurisdiction had ever been acquired over this defendant because the complaint failed to allege the element of scienter. On January 29, 1973, on the ground that the complaint was arguably sufficient, we denied the motion of the attorney general. Further consideration of the claimed error was postponed to abide the appeal. After a full consideration on appeal, we conclude, by a divided court, that the complaint was fatally defective and that the motion of the attorney general to confess error must now be granted.

Sec. 944.21 (1) (a), Stats., provides:

"(1) Whoever intentionally does any of the following may be fined not more than $5,000 or imprisoned not more than 5 years or both:

"(a) Imports, prints, advertises, sells, has in his possession for sale, or publishes, exhibits, or transfers commercially any lewd, obscene or indecent written matter, picture, sound recording, or film . . . ."

In *Court v. State* (1971), 51 Wis. 2d 683, 688, 188 N. W. 2d 475, we said:

"Scienter is . . . a necessary element of the crime of sale or possession for sale of obscene materials, and it must be alleged in the criminal complaint. *Smith v. California* (1959), 361 U. S. 147, 80 Sup. Ct. 215, 4 L. Ed. 2d 205, and *State v. Chobot* (1960), 12 Wis. 2d 110, 106 N. W. 2d 286."

*Smith v. California, supra,* page 149, defines scienter as the knowledge by the defendant of the contents of the questioned material. As a matter of proof at trial, it is only necessary, however, to show the defendant knew the nature of the questioned material. *Court, supra,* page 701. The precedents cited above are uniform in their holding that scienter must not only be proved at trial, but it must be alleged as a necessary element of the crime. In *Court, supra,* page 687, the questioned complaint charged that the defendant " '. . . did feloniously and intentionally sell and have in his possession for sale obscene . . . pictures . . . .' " We upheld the complaint in *Court* as being minimally sufficient, because the Wisconsin statutes define "intentionally" as knowledge of the facts which are necessary to make the conduct criminal. In the case before us there is no allegation of the defendant's knowledge of the contents of the questioned publication and there is no statement charging "intent," as appeared in the complaint in *Court.* The only word that even arguably imports the

element of scienter into the complaint is the word, "feloniously."

The state on the appeal of this case attempted to argue that "feloniously" is a sufficient allegation because in some contexts it has been held to mean "intentionally," which in *Court* was held sufficient to allege the element of scienter. While the attorney general so argued, as he was forced to do as a result of our initial denial of his motion to confess error, he nevertheless brought to our attention, at the oral argument in a companion case, *State v. Green,* post, p. 570, 211 N. W. 2d 634, that despite the fact that various legal authorities in some contexts have held that the word, "feloniously," means "with criminal intent," "feloniously" does not appear to be so used in the Wisconsin statutes. The attorney general invited the court's attention to sec. 940.01, Stats. (first-degree murder), wherein intent to kill is a necessary element of the crime that must be alleged, and to sec. 940.05 (manslaughter), wherein intent is not an element that need be alleged or proved. Under either statute, however, the conduct was properly chargeable as "felonious." He thus demonstrated that the term, "feloniously," under our statutes does not mean "intentionally." We appreciate the candor of the assistant attorney general and agree with the conclusion which he said can be drawn from the example cited— that in Wisconsin law, the word, "felonious," is descriptive of the gravity of a crime and of the legislature's classification of the type of sanctions that may be applied in the event of a conviction, but does not import the element of intent.

Under sec. 939.60, Stats., a felony is "A crime punishable by imprisonment in the state prison . . . ." Thus, all criminal acts that fall within that description are felonious, but it is apparent that all crimes thus described are not intentional in nature and few indeed require

the specific type of intent that is denominated as scienter.

We conclude, therefore, that the allegation that an act was performed "feloniously" does not allege intent, and in the instant case the complaint does not satisfy the requirement of scienter. Similar conclusions were reached in *State v. Harris* (Mo. 1958), 313 S. W. 2d 664, 669; *State v. Navarro* (1932), 131 Me. 345, 348, 163 Atl. 103; *State v. Bills* (1915), 118 Ark. 44, 176 S. W. 114. Each of these cases hinge upon the rationale stated in *Harris, supra,* page 669:

"The word 'felonious' is generally employed to classify offenses and is not a distinct element of the crime. It is descriptive of the grade of the offense rather than the criminal act which constitutes the offense."

We accordingly conclude that the petition of the attorney general for confession of error should have been granted because the complaint failed to allege scienter as required in *Smith* and *Court*.

The complaint charges no offense known to law. As we stated in *Champlain v. State* (1972), 53 Wis. 2d 751, 754, 193 N. W. 2d 868:

"A complaint which charges no offense is jurisdictionally defective and void and the defect cannot be waived by a guilty plea; the court does not have jurisdiction. *State v. Lampe* (1965), 26 Wis. 2d 646, 648, 133 N. W. 2d 349; *Burkhalter v. State* (1971), 52 Wis. 2d 413, 424, 190 N. W. 2d 502. Nor can a void charge sustain a verdict or a sentence based on it. *See Howard v. State* (1909), 139 Wis. 529, 534, 121 N. W. 133; *Paxton v. Walters* (1951), 72 Ariz. 120, 231 Pac. 2d 458."

Since the defect is one of the jurisdiction of the court over the alleged offense, the proceedings are void *ab initio*. The judgment of conviction and the sentence appealed from are vacated as being beyond the jurisdic-

tion of the court, and the motion of the attorney general to confess error for these jurisdictional reasons is granted.

The record indicates that the statute of limitations on the alleged crime has not yet run, and in the discretion of the prosecutor a new prosecution may be initiated. The defendant is discharged from the present custody of the trial court, since no jurisdiction was acquired by charging an offense not known to the law.

ROBERT W. HANSEN, J. *(dissenting)*. The complaint charged that the defendant did ". . . feloniously have in his possession for sale obscene pictures . . ." contrary to sec. 944.21 (1) (a), Stats. The writer disagrees with the conclusion reached by the majority's per curiam opinion for two reasons:

1. *Adequacy of complaint.* The complaint adequately alleges intentional possession. The writer would follow the heavy weight of authority that holds that the word "feloniously," standing alone, is a sufficient averment of criminal intent.[1] As to "feloniously" also relating to commission of a felony, rather than a misdemeanor, as one state court observed, it is true that the word "felonious" designates the grade of the crime as a felony but also "it points to the intent which enters into a felony."[2] The cases in other states almost uniformly hold that the word "feloniously" means with criminal intent, and the writer agrees that it does.

2. *Absence of prejudice.* In this state no complaint is to be dismissed or reversed for any error or mistake "where the case and the identity of the defendant may

[1] Footnote 2, dissenting opinion, *State v. Green,* post, p. 570, 211 N. W. 2d 634, and cases cited therein.

[2] *State v. Bannister* (1907), 79 Vt. 524, 527, 65 Atl. 586, quoting and adapting the definition in 1 Bishop's, *Criminal Law* (9th ed.), p. 309, sec. 427.

be readily understood by the court." [3] Only where the statutory charge or the identity of the defendant is not stated in the criminal complaint is the error or mistake uncorrectable. This is properly so, because subject-matter jurisdiction depends upon the bringing of a charge within the jurisdiction of the court against a named defendant. Stating the specific statute alleged to have been violated and stating the identity of the person charged with such violation gives the court jurisdiction. All other defects are correctable by amendment, provided the "defect or imperfection in matters of form . . . do not prejudice the defendant." [4] This is properly so, for it is in personam jurisdiction involved. Unless there is established "prejudice to the defendant," defects or imperfections in matters of form are not contestable by the defense. In the case before us, there is no basis for claim of prejudice. Certainly, "the case and the identity of the defendant may be readily understood *by the court,*" [5] (emphasis supplied) where the statute involved and identity of defendant are specifically set forth in a complaint. The trial court here could have ordered an amendment curing the claimed defect. It was not necessary so to do once the amended information was filed furnishing the defendant with all elements of the crime charged. Where a full and adequate information is filed in a felony case, the defendant's right to " 'demand the nature and cause of the accusation against

---

[3] Sec. 971.31 (8), Stats., providing: "No complaint . . . shall be dismissed or reversed for any error or mistake where the case and the identity of the defendant may be readily understood by the court; and the court may order an amendment curing such defects."

[4] Sec. 971.26, Stats., providing: "No . . . complaint . . . shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant."

[5] Sec. 971.31 (8), Stats.

him' " [6] has not been denied. The information enables the defendant to "plead and prepare a defense" and insures that conviction or acquittal would be "a bar to another prosecution for the same offense." [7] That twofold test met, there is no way here for the defendant to claim or establish the "prejudice to the defendant" required to invalidate a complaint for defect or imperfection in a matter of form.

So the writer would conclude, (1) The complaint here was adequate; and (2) no defect which prejudiced the defendant was here established.

I am authorized to state that Mr. Justice LEO B. HANLEY joins in this dissent.

---

[6] *Holesome v. State* (1968), 40 Wis. 2d 95, 102, 161 N. W. 2d 283.

[7] *Id.* at page 102, stating: ". . . In order to determine the sufficiency of the charge, two factors are considered. They are, whether the accusation [*Note:* there as to information, here as to complaint] is such that the defendant determine whether it states an offense to which he is able to plead and prepare a defense and whether conviction or acquittal is a bar to another prosecution for the same offense." (Citing *In re Carlson* (1922), 176 Wis. 538, 546, 186 N. W. 722; *Fink v. Milwaukee* (1863), 17 Wis. 27 (*26); *United States v. Aviles* (D. C. Cal. 1915), 222 Fed. Rep. 474.)